## Levi Smoyer, Plff. in Err., *v.* Jeremiah Roth.

A subtenant's goods found on the premises are liable to be distrained for rent due by the tenant, in the absence of a contract with the landlord to the contrary.

It is immaterial that the tenant had on the premises sufficient goods to satisfy the landlord's demand.

An irregularity in the appraisement of goods distrained is waived by the institution of an action of replevin for the goods.

A covenant in a lease that at any time during the term the tenant may purchase the premises "at a price agreed upon by said lessor and lessee" is not binding upon either party as a contract of sale.

(Argued February 3, 1888. Decided March 19, 1888.)

January Term, 1888, No. 126, E. D., before GORDON, Ch. J., PAXSON, STERRETT, CLARK, and WILLIAMS, JJ. Error to the Common Pleas of Lehigh County to review a judgment on a verdict for the defendant in an action of replevin, April term, 1887, No. 91. Affirmed.

At the trial before ALBRIGHT, P. J., the following facts appeared:

By lease dated February 6, 1885, Jeremiah Roth let to A. T. Blank a three-story double brick dwelling house, situate on the north side of Hamilton street, between Eleventh and Twelfth streets in the city of Allentown, for the term of two years from the 1st day of April, 1885, at the rent of $25 a month, payable at the end of each month during said term of two years.

The lease contained the following covenant:

"And it is hereby covenanted and agreed by said Jeremiah

NOTE.—Goods of a subtenant upon leased premises are subject to distress for the rent of the tenant. McCombs's Appeal, 43 Pa. 435; Whiting v. Lake, 91 Pa. 349. And the former cannot insist that the goods of the latter be first seized. Jimison v. Reifsneider, 97 Pa. 136. But the right may be surrendered by agreement between the landlord and the subtenant. Bamsdall v. Guild, 32 Phila. Leg. Int. 152.

Roth, and said A. T. Blank, said lessee, that at any time during said term of two years aforesaid, said A. T. Blank, or his assigns, may become the purchaser of the said premises demised at a price agreed upon by said lessor and lessee."

April 1, 1885, Blank took possession of the premises and Levi Smoyer became his subtenant as to part of the premises. Smoyer continued to be a subtenant until the expiration of the term, and was an occupant of the house on April 2, 1887, when proceedings were instituted to collect the rent in arrear— $257.15. April 4, 1887, all the goods on the premises, including those of Blank and Smoyer, were distrained for rent. Blank claimed the benefit of the exemption which was appraised to him. The goods of Smoyer, distrained by the constable, were appraised on April 9, 1887, at $1,180.70, and on the same day Smoyer brought this action of replevin against Roth for the goods distrained as his property, and gave the proper bond to the sheriff of Lehigh county.

The plaintiff made, *inter alia,* the following offers of evidence:

That the defendant often and continuously suffered the covenant as to having the rent paid monthly to be broken, and made no demand upon the plaintiff before the issue of the landlord's warrant.

Objection sustained. Exception. [1]

That at the time the lease was made and executed, Roth asked plaintiff to sign the lease with Blank, and that plaintiff said he would rent from Blank and he would pay him, and that Blank should pay Roth, after which the lease was signed by the parties; also that at the same time and place the clause written in the lease in regard to the purchase of the property was referred to, and that it was then said that Smoyer and Blank had the right to buy the house in accordance with the terms of contract of purchase contained in the lease.

Objection sustained. Exception. [2]

That the defendant was not on the premises on the first of April to demand rent in 1887.

Objection sustained. Exception. [3]

The unexecuted deed from Jeremiah Roth to Mr. Allen T. Blank and Levi Smoyer and the mortgage from Allen T. Blank and Ellen J. Blank to Jeremiah Roth, as also the deed from Levi Smoyer to Jeremiah Roth, all dated April 1, 1887—

offered for the purpose of corroborating the proof that the contract as contained in the lease to purchase this property was accepted by A. T. Blank and his assigns, and assented to by Roth, and that the parties were ready and willing to execute this contract, and also to show a compliance with the statute of frauds and perjuries.

Objected to by defendant as incompetent and irrevelant.

By the Court: What is here offered in connection with the testimony is insufficient to show that the defendant devested himself of the legal or equitable right or that he bound himself by any agreement not to demand the rent which might be in arrears.

Objection sustained. Exception. [4]

The court charged the jury, *inter alia,* as follows:

The plaintiff introduced some evidence from which it is alleged by him that it can be found that Mr. Roth could not distrain because he had ceased to be the owner of the premises. In the written lease between Roth and Blank there was a provision that Blank might purchase the property. That provision, however, did not stipulate any price. There is no evidence from which you can find that Mr. Blank or somebody else availed himself of that option. It is the duty of the court to say to you that there is no evidence here from which you can find that Mr. Blank and his wife, or Mr. Smoyer, became the owner of these premises in law or in equity, and there is no evidence from which it could be found that Mr. Roth ceased to be the owner of the house on April 4, 1887, and consequently he had a right to distrain. [5]

Because the option to buy did not specify any sum, it really left the possession the same as before. Nothing of that kind had been written in the lease. Mr. Roth and Mr. A. T. Blank could have agreed for the sale of this house. There was no law to prevent them. [6]

The question has been raised as to whether the landlord, Mr. Roth, should not have exhausted the goods at Blank's first before resorting to Mr. Smoyer's goods. It may be that he should have done so. But there is no evidence here from which it could be found that the goods of Blank would have paid the rent in full. Does the record show a claim of exemption?

By plaintiff's counsel: That is not in evidence.

By the Court: It has been said that that is not in evidence; but the court says to you that the fact that the goods of Blank were not exhausted under the circumstances presented by this case furnishes no reason why the landlord should not have seized the goods of the plaintiff, Mr. Smoyer. [7]

The owner of the goods replevied them on the 9th day of April. He had the opportunity of doing everything which the law contemplates he shall have the opportunity of doing, *viz.,* to replevy the goods, and he has the goods to-day. This being the state of the case as shown by the pleadings and by the uncontradicted evidence, the single question is whether rent was owing on the 4th day of April, 1887, immediately before the landlord's warrant was issued. [8]

The plaintiff submitted, *inter alia,* the following points:

1. If the jury find that in pursuance of the clause in the lease admitted in evidence the premises for which the rent is claimed by the defendant were sold to the lessee in the lease and the plaintiff in this suit at a fixed price, the relation of landlord and tenant between the defendant and A. T. Blank ceased at the time the contract was entered into and the option of the lease exercised.

*Ans.* Negatived. There is no evidence from which it can be found that defendant ceased to be the owner of the legal or equitable title. [9]

3. As soon as A. T. Blank, the lessee in the lease, signified his intention to take the property and a price was fixed for the same, the lease was at an end, and a contract mutually binding for the sale of the property subsisted between the parties to the lease, and the defendant had no right to issue his distress warrant to the constable for rent in arrear, and to have the constable seize the property of the plaintiff on the premises; and his doing so made him a trespasser, which subjects him to damages in this suit for the unlawful distress.

*Ans.* Negatived. [10]

4. The consideration (a fixed price) not being mentioned in the clause of the lease which contained an option in the lessee (Blank) to buy the premises therein mentioned, will not make the contract void under the statute of frauds relating to the sale of land, if the lessee exercised his right within the time limited. The consideration may be shown by parol.

*Ans.* Under the evidence this point cannot be affirmed; it is irrelevant. [11]

6. The act of assembly requires that five full days shall be allowed to the lessee to replevy the goods, and in the computation of this time the day of distress is to be excluded. This distress and levy for rent being made April 4, 1887, and the appraisement April 9, 1887, before the expiration of five days, was a trespass from the beginning; and the plaintiff is entitled to a verdict.

. *Ans.* This question does not arise in this issue. It is negatived. [12]

9. It is the duty of the defendant to exhaust the tenant first before he can come on the subtenant for the rent. The appraisement offered shows that they found $362 worth of goods belonging to Blank, which was not shown to have been applied for the payment of this rent.

*Ans.* This point is negatived. [13]

Verdict and judgment were for the defendant, for $265.89.

The assignments of error specified: (1–4) The rejection of evidence; (5–8) the portions of the charge quoted; and (9–13) the answers to the plaintiff's points.

*E. G. Schwartz* and *John D. Stiles & Son,* for plaintiff in error.—It satisfies the statute of frauds if a contract for the sale of land is signed by the party to be charged and accepted by the other party. Smith's Appeal, 69 Pa. 474; Lowry v. Mchaffy, 10 Watts, 387; Wilson v. Clarke, 1 Watts & S. 554–558; M'Farson's Appeal, 11 Pa. 510; Tripp v. Bishop, 56 Pa. 424; Johnston v. Cowan, 59 Pa. 275.

The agreement was that the defendant should sell and convey the premises to Blank or his assigns—that is to say, to him or to such persons as he might designate or appoint. *Id certum est quod certum reddi potest.* The fact that no price was fixed in the contract of sale in the lease did not render the contract invalid. Knerr v. Bradley, 105 Pa. 190; Bowser v. Cravener, 56 Pa. 132; Smith's Appeal, 69 Pa. 474.

The defendant's remedy was to enforce the payment of the purchase money by action in assumpsit or by ejectment. The relation of landlord and tenant between the parties had ceased, and they had assumed toward each other the relation of vendor and vendee.

The jury should have received binding instructions from the court; otherwise, it should have been submitted to them for their determination. Bardsley v. Kaas, 4 Sad. Rep. 584; Mohan v. Butler, 112 Pa. 590, 4 Atl. 47.

The landlord's warrant was issued and the goods distrained April 4, 1887. The appraisement of the goods was made April 9, 1887—one day too soon under the ruling of Brisben v. Wilson, 60 Pa. 452; therefore the title to the goods did not pass, and his proceedings to transfer them were absolutely void and the defendant a trespasser and, if he had sold the property, liable in damages to at least the value of the goods sold.

In replevin by a sublessee for goods taken by the landlord on a distress for rent, on the plea of no rent in arrear, where it appeared that the defendant had previously distrained the goods of the mesne tenant for rent arrear and sold the same, it lay upon the defendant to show that the distress first taken was insufficient. Quinn v. Wallace, 6 Whart. 452.

*Marcus C. L. Kline* and *Edward Harvey,* for defendant in error.—Smoyer's goods on the premises were subject to distress for any rent in arrear at any time during the continuance of the term. Kessler v. M'Conachy, 1 Rawle, 435; Price v. McCallister, 3 Grant, Cas. 248; Kleber v. Ward, 88 Pa. 93.

The landlord may distrain on the goods on the premises, whether they belong to the tenant, or subtenant, after the term without limitation as to time, so long as he retains title to the demised premises. Jackson & G. Land. & T. § 1142, p. 639; Moss's Appeal, 35 Pa. 162; Lewis's Appeal, 66 Pa. 312; Whiting v. Lake, 91 Pa. 349.

Even if there were sufficient goods of Blank on the premises to satisfy the rent in arrear, the lessor, Jeremiah Roth, could not be compelled to sell the goods of the original lessee, in satisfaction of the rent in arrear before having recourse to the goods of Smoyer. Jimison v. Reifsneider, 97 Pa. 136.

This principle is not affected by the fact that the under tenant may have paid his rent in full to his landlord, the lessee of the whole premises. 10 W. N. C. 381.

If goods of a stranger on premises are distrained for rent due by tenant, and the goods levied on are replevied, evidence that the distress was excessive is not admissible. Karns v. McKinney, 74 Pa. 387; Jimison v. Reifsneider, 97 Pa. 136.

The appraisement was made too early, and was an irregular-

ity; and had a sale been had of the distrained and appraised goods it would have made the constable a trespasser; the sale would be invalid, and trover could be maintained against the purchaser. Brisben v. Wilson, 60 Pa. 452.

Had not an action of replevin been instituted by Smoyer for the goods distrained, he might have maintained an action of trespass for damages against the bailiff, or the landlord. The object of the appraisement is that the tenant may know the sum at which he can redeem the goods distrained. Johnson v. Black, 9 W. N. C. 438.

But there is and can be no necessity for an appraisement where the goods are replevied.

An action of replevin for the goods distrained waives the irregularity. Jackson & G. Land. & T. p. 640, § 1143; M'Kinney v. Reader, 6 Watts, 34; Richards v. McGrath, 100 Pa. 399.

A lessor who has parted with all his interest in the demised premises has no right to distrain for rent in arrear. Walbridge v. Pruden, 13 W. N. C. 530, 531.

But the landlord can distrain so long as he retains title or interest in the demised premises. Jackson & G. Land. & T. pp. 639, 640, §§ 872, 1142, pp. 457, 458; Moss's Appeal, 35 Pa. 162; Lewis's Appeal, 66 Pa. 312.

The landlord has committed no act from which it can be found that the relations of landlord and tenant were terminated, or that he had parted with his title and interest in the demised premises. Had the covenant in the lease named a fixed price at which the lessee might become the purchaser of the demised premises during the term, and had the lessee exercised the option and elected to take the property at the price fixed, then a contract of sale would have been completed. In all the cases cited and found in the books where the lease demising premises contained an option in favor of the lessee to purchase the premises during the term, a price was specified at which the lessee might become the purchaser. Newell's Appeal, 100 Pa. 513; Kerr v. Day, 14 Pa. 112, 53 Am. Dec. 526; Corson v. Mulvany, 49 Pa. 88, 88 Am. Dec. 485; Napier v. Darlington, 70 Pa. 64.

Where a price is specified, at which the lessee may purchase during the term, as soon as the lessee signifies his intention to take the property at the price named, the lease is at an end; the relation of landlord and tenant ceases, and the contract of sale is mutually binding on both parties. Newell's Appeal, 100 Pa. 513, 518; Knerr v. Bradley, 105 Pa. 190.

Specific performance will be decreed in favor of a lessee where the lease contains a stipulation which provides that he shall have the privilege of purchasing the premises for a fixed amount, on or before the expiration of the term. Jackson & G. Land. & T. § 685, p. 369, a, 6; Hall v. Center, 40 Cal. 63.

In Elder v. Robinson, 19 Pa. 364, specific performance was denied where a lease contained a stipulation that when the premises are offered for sale the lessor shall give the first offer to the lessee upon terms as favorable as they will be offered to any other person.

A contract for the purchase of land, not put in writing, passes to the purchaser no interest in the land, and furnishes no right in law or equity to demand a specific performance. Bender v. Bender, 37 Pa. 419.

The same is true of an advertisement signed by a vendor, and published in a newspaper, offering his real estate for sale at public auction, upon terms of payment therein specified, followed by a parol sale at auction without any other writing, and without the payment of the hand money required by the terms of sale. Kurtz v. Cummings, 24 Pa. 37.

A parol agreement of sale is ineffectual under the statute of frauds, so that the tenant's continued holding was referable properly to the old tenancy only. Browne, Stat. Fr. § 477; Debozear v. Butler, 2 Grant, Cas. 417.

PER CURIAM:

We have carefully examined this case, and find nothing in it that requires reversal. That the subtenant's goods, found on the premises, were liable for distraint for rent due by the tenant, in the absence of any contract with the landlord to the contrary, is a proposition too plain for argument. Nor would it alter the matter that the tenant had goods on the premises sufficient to satisfy the landlord's demand.

The irregularity of the appraisement was waived by the replevin, and the alleged sale amounted to nothing, for it was never consummated. By its terms as found in the lease, the price was left open for future determination by the parties concerned, and as a consequence, either could refuse to close it; and as Roth did refuse to accede to Blank's proposition, the sale never became effective, and so was out of the case.

Judgment affirmed.