## Johnson to use, Appellant, *v.* Huhn et al.

*Affidavit of defense—Appeal from refusal of judgment.*

1. The appellate court will not sustain an appeal from an order refusing a judgment for want of a sufficient affidavit of defense, where the court cannot be sure of the rights of the parties until the facts have been fully developed at a trial.

Argued May 19, 1925. Appeal, No. 293, Jan. T., 1925, by plaintiff, from order of C. P. No. 3, Phila. Co., Sept. T., 1924, No. 10249, discharging rule for judgment for want of sufficient affidavit of defense, in case of Walter H. Johnson to use of William R. Spofford v. George A. Huhn et al., trading as George A. Huhn & Sons. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Rule for judgment for want of sufficient affidavit of defense.  Before DAVIS, J.

The opinion of the Supreme Court states the facts.

Rule discharged.  Plaintiff appealed.

*Error assigned* was, inter alia, order, quoting record.

*R. Sturgis Ingersoll,* with him *Charles I. Thompson,* for appellant.

*Owen J. Roberts,* with him *George G. Chandler,* for Edwin H. Fitler, appellee.

PER CURIAM, June 27, 1925:

Plaintiff appealed from an order discharging his rule for judgment for want of a sufficient affidavit of defense. From the statement of claim and affidavit of defense the following facts appear: Previous to January 31, 1924, defendant firm, which was engaged in the stock brokerage business in the City of Philadelphia under the firm name of George A. Huhn & Sons, was composed of five persons, Edwin H. Fitler, the appellee here, and the only person served with the summons in this case, being one of them. On that date he withdrew from the firm, the remaining partners continuing the business under the same firm name. Plaintiff Johnson who had been and at the time was a marginal customer of the firm, and in-. debted to it in the sum of $1,772.74, had deposited with it to secure margins and indebtedness, certificates for shares of corporate stock of the value of $17,700. On March 4th following, with full knowledge of defendant's withdrawal from the firm, plaintiff and others, without defendant's consent, entered into a written agreement by which certain creditors of the new firm were to be paid in full, and a liquidating trustee selected by the signatories to adjust the firm's affairs, convert its assets and divide the net balance among the signatories. Three days later without notice to defendant this agreement

was carried into effect, an assignment made by the new firm to the liquidating trustee selected by the signatories, and the creditors agreed to and with each other and to and with the members of the firm to forebear pressing their claims against the firm until the liquidating trustee had disposed of the assets and made distribution of the proceeds.

Without notice to defendant, the trustee thus selected entered into possession of the partnership property, disposed of its securities, including the shares of stock pledged by plaintiff Johnson, realizing for the latter $17,108.32, and, after discharging the claims, agreed to pay in full, and, deducting the indebtedness due the firm by Johnson, paid to him a dividend of $6,192.75. This action was brought to recover the difference between the value of the stock pledged and the amount of the dividend received by plaintiff, less Johnson's indebtedness to defendant firm; plaintiff's contention being that this difference was due him as a creditor of the original partnership and to that extent it, and consequently Fitler as a member of the firm, was indebted to him.

On this state of facts the court below refused to enter a summary judgment. In our opinion, this conclusion was not clearly erroneous. We have many times said we will not sustain an appeal from a refusal to enter judgment for want of a sufficient affidavit of defense unless plaintiff's right is very plain. This is not such a case. On the contrary it is one of those in which we cannot be sure of the rights of the parties until the facts have been fully developed at the trial.

Judgment affirmed.