Sadler et al. *v.* Marcoff, Appellant.

Argued April 29, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Armin H. Friedman,* with him *Louis Vaira,* for appellant.

*Walter L. Riggs,* for appellees.

OPINION BY PARKER, J., July 18, 1935:

This is an action in replevin brought to determine the right to possession of certain chattels located on premises which the defendant, Elia Marcoff, had granted by written lease to the plaintiffs, Glenn F. Sadler and Fred C. Sadler. The plaintiffs have a judgment and defendant has appealed.

In answer to plaintiffs' statement of claim alleging ownership of the property and an unlawful and malicious seizure of the same without process of law, the defendant replied in substance that there was rent due for the premises; that he issued a landlord's warrant to George Hines, a constable, authorizing him to levy on the goods belonging to the plaintiffs and located on the premises; that he had a lien against the goods under the levy pursuant to the terms of the written lease; and that the distraint had been legally made when the goods were seized under the writ of replevin. To this affidavit of defense the plaintiffs replied, denying that a landlord's warrant had been issued or that a valid legal levy was made on the goods, and averring that the defendant, pretending and purporting to have obtained a judgment against plaintiffs, seized the goods and advertised them for sale as if he had a judgment; that the goods were not seized by defendant to enforce any lien which he had by virtue of a distraint for rent in arrears, nor did he make any pretense of complying with the law with reference to enforcing a lien for rent;

and that no notice was given to the plaintiffs of any distraint and defendant never had the goods appraised as required by statute. In short, it was averred that the goods were seized and advertised by virtue of an alleged execution when defendant did not have any judgment against the plaintiff and not as a distraint under a landlord's warrant for rent in arrears.

On trial the sole issue was whether the landlord, by the constable, made any distraint for rent. It is admitted by all parties that the goods in question were the property of the plaintiffs and exceeded in value the sum of one thousand dollars; that when the levy or seizure was made on April 19, 1932, there was rent in arrears in the sum of one thousand dollars; that the goods were seized and were advertised for sale; and that no appraisement was made. The plaintiffs having shown title to the goods, the burden passed to the defendant to show that he had right to the possession of the chattels. In addition to the facts shown to have been admitted, the defendant offered in evidence the written lease and written authority or warrant from the landlord to a constable directing him to distrain for the rent in arrears, and facts tending to show that the constable went upon the premises, exhibited his authority to the plaintiffs, seized the goods, closed the premises, and tacked a written notice on the door advising the plaintiffs that he had, on behalf of the landlord, distrained goods and chattels described in the notice, and if the amount of rent was not paid or the goods replevied he would cause them to be appraised and sold; that he subsequently advertised the goods for sale when, at the request of plaintiffs, the date of sale was continued twice before the writ of replevin was issued.

On behalf of the plaintiffs there was evidence tending to show that, on April 19, 1932, a constable appeared at the premises in question and called one of

the plaintiffs into their office when the constable advised him that he had an "execution of a judgment;" that the constable, after permitting the plaintiffs to remove a customer's car, took possession and closed the premises, placing a padlock on the door and tacking on the door a notice of a constable's sale to be held the following Monday; that no mention was made of any claim for rent due; and that, although the plaintiffs endeavored to find out the nature of the claim and the location of the judgment by consulting both the constable and the landlord's attorney, they were unable to obtain any information. They also offered evidence tending to show that no notice of a distraint or claim for rent was given and that the notice given by the constable to one of the plaintiffs was, in fact, a constable's notice of the sale of the chattels. Without reciting all of the evidence sustaining the contention of the plaintiffs, it is sufficient to say that there was other evidence supporting the theory that the constable was inexperienced, did not understand the nature of the proceeding, and was acting as if he had a judgment of some court rather than endeavoring to proceed by distraint for rent. As we have indicated, the issue that should have been presented to the jury was whether an actual distraint was made, as the other essential elements supporting the defendant's right to possession of the goods were admitted. If the constable made a levy by way of supposed execution, the proceeding was wholly irregular and the plaintiff was entitled to his goods, irrespective of whether the tenant owed rent or not. If there was a distraint, the judgment should be for the defendant.

Since the writ of replevin issued before the sale was made, we are not concerned with the regularity of the proceedings subsequent to the distraint as an essential element of defendant's case. A failure to appraise will not impair a landlord's lien, once acquired, if the goods

are replevied before sale: Greenberg v. Goldman Stores
Corp., 117 Pa. Superior Ct. 559, 178 A. 528; Potts Dept.
Store v. Lutz & Sweigart, 98 Pa. Superior Ct. 545, 548.
Neither is the failure to give notice of the distress pur-
suant to the provisions of the Act of March 21, 1772
(68 PS 291), relevant in such situation: Industrial
Loan Soc., Inc., v. Reed, 117 Pa. Superior Ct. 562, 178
A. 529; and the failure to give the notice or ap-
praise the goods will not invalidate the lien of the
landlord. "A landlord may verbally distrain for the
non-payment of rent, and he may, by parol, authorize
a bailiff to distrain. As a general rule, to render the
distress complete, there must be a seizure of the prop-
erty distrained upon; but a very slight act is sufficient
to constitute a seizure in contemplation of law. It need
not be an actual seizure of the particular goods. If the
landlord gives notice of his claim for rent, and declares
the goods which he names shall not be removed from
the premises until the rent is paid, it is a sufficient
seizure": Furbush v. Chappell, 105 Pa. 187, 190. It is
admitted that the constable not only seized the goods
but locked the premises where they were found and ex-
cluded the tenants, and that there was rent in the sum
of a thousand dollars due. As a consequence, if there
were not more in the case the defendant would have
been entitled to a verdict. "The important element
in every distress is the fact whether rent is due or not.
The law fixes the liability of the goods on the premises
for the rent owing. The form of the warrant is not
important. It may be given by parol": May, Stern
& Co. v. Lintner, 67 Pa. Superior Ct. 422, 425.

Did the learned trial court properly submit to the
jury the sole question in issue under the pleadings
and proofs? We believe that he did not and are of
the opinion that the charge tended to confuse and mis-
lead the jury, as we shall endeavor to show. After
referring to the respective contentions of the parties,

the judge proceeded to state to the jury the substance of the Act of 1772, and called to its attention the provisions of that act with reference to giving notice of distraint, the making of an appraisement and by whom, and how the sale should be conducted. That act is a code of procedure providing how the landlord may have the benefit of his lien *after a distraint has been made for rent*. The provisions of that act are not relevant where the goods are replevied before sale: Potts Dept. Store v. Lutz & Sweigart, supra. This cannot be treated as surplusage when we take it in connection with the following statement of the court: "Now, it is the contention of the plaintiffs in this case that there was no legal distraint of these goods; that there was no notice of distraint left with the tenant. The constable could leave the notice of distraint with the owner of the place, or he could tack it up in a conspicuous place where the tenant could get notice." This must have left with the jury the impression that the notice to the tenant of the distraint was an essential element in defendant's case without which he could not have a verdict. It is true that the fact as to whether a written notice of the distraint was given was relevant, for it may be taken as proof of the fact that a distraint was made, but it was not a fact necessary to be shown in order to prove a previous lawful distraint if there was other proof of a seizure.

The trial judge in his charge further said: "Did the landlord, through his agent, the constable, proceed legally up to the time that these goods were replevined? In other words, did he make distraint or levy of these goods as required?" This was a tacit suggestion that, in order that the distraint should be good, the constable was required to proceed lawfully in accordance with the Act of 1772 up to the time the goods were replevied. We quote further from the charge: "Now, the constable made no appraisement of these goods. There was

no question about that. Did he have the proper right to those goods? Did he give proper notice of distraint? If he acted within his rights, legally, up to that time, then, and you decide there was a valid lien of the goods, the plaintiff could not recover and the defendant can." There was no need for the court to refer to the fact that no appraisement of these goods was made, except to explain to the jury that the failure to make an appraisement did not affect the rights of the defendant. On the other hand, taken in connection with the reference which the court made to the Act of 1772, it must have left an impression with the jury that the failure to give notice of the distraint and to make an appraisement was of importance. The interrogation as to whether the constable had given a proper notice of distraint couched as it was could not but mislead the jury. A further statement which was misleading was made in the charge as follows: "If you find the constable made a legal distraint of these goods and he did not proceed with his appraisement on account of the request of the tenant to postpone action upon the matter, then you may find that the constable did take legal possession of these goods." In other words, the judge qualified the right of the defendant to a judgment by the condition that they should find that the appraisement was not proceeded with on account of a request of the tenant to postpone action. The statement should not have been so qualified.

The jury, it is fair to assume, had little knowledge of the procedure to be followed in making a distraint, and it was therefore difficult for the members to follow instructions even if clearly given. The court should have advised the jury as to just what was necessary to be done in order to constitute a valid distraint for rent, and they should have been cautioned not to give improper consideration to the fact that a notice of the distraint may not have been given or an appraisement

made, and that such reference as was made in the evidence to the giving of notice and the manner in which the sale was conducted was relevant only for the purpose of determining whether or not a legal distraint had been made. Taking into account the evidence produced, as well as the charge of the court, we believe that substantial justice can only be done by granting a new trial.

Judgment of the lower court is reversed with a venire facias de novo.