National Cash Register Company, Appellant, *v.* Ansell et al.

Argued September 29, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Cecil P. Harvey,* with him *William Horenstein,* for appellant.

*Daniel Marcu,* with him *Raymond Heimlich,* for appellees.

OPINION BY RHODES, J., January 29, 1937:

This is an appeal from the refusal by the court below to enter a summary judgment in favor of plaintiff in a replevin action.

On July 31, 1935, the National Cash Register Company, the plaintiff, obtained a writ of replevin for the recovery of a certain cash register; the sheriff seized it on the following day, adding to the writ as defendants Gerson Green, constable, and H. H. Rosinsky, the landlord, in whose possession the register was found. The defendant Joseph Ansell, trading as Lennox Cafe, was not served, nor did he appear.

On August 8, 1935, in response to additional defendants' rule, plaintiff filed its declaration in replevin, setting forth that plaintiff was the owner of the cash register mentioned in the writ; that it was leased to defendant Ansell on or about November 11, 1934; that said lease was canceled on March 30, 1935, by agreement between the parties, the defendant Ansell undertaking to surrender the register to plaintiff; that plaintiff thereupon had both title and right of possession to said register.

Additional defendants filed an affidavit of defense and counterclaim in which they admitted plaintiff's ownership of the cash register, its value, and that it had been leased as averred by plaintiff. However, they denied knowledge of the cancellation of the lease and of defendant's agreement to surrender the chattel. Plaintiff's right to the possession of the register was denied for the reasons set forth in the counterclaim, which may be summarized as follows: The premises on which the cash register was located were leased by the additional defendant Rosinsky to one Rush, for a term of five years from November 1, 1934, at a total rental of $10,500, payable $175 monthly on the first day of each month during the term. The lease (a copy being attached) provided for distraint by the lessor

in the event of default in any such payment, that upon the lessee's removing or attempting to remove his goods or property from the leased premises before the expiration of the term of the lease the entire rent for the portion of the term then remaining would become immediately due and payable, and that lessor might distrain therefor. The monthly rent of $175 was not paid for the months of May, June, and July, 1935. The lessee Rush attempted to remove and did remove certain goods and property out of and from the demised premises, on July 16, 1935, and by reason thereof the rental for the balance of the term, in the amount of $9,285, became immediately due and payable. On July 16, 1935, additional defendant Rosinsky, by virtue of a landlord's warrant, caused a distraint to be made by Green, the constable. Notice thereof was left with an employee of the lessee. The goods distrained upon were appraised on July 25, 1935, and the sale advertised to be held on August 1, 1935. The cash register in question was among the goods upon which distraint was made. It was seized by the sheriff on August 1, 1935, and delivered to plaintiff by virtue of a writ of replevin. The balance of rental due additional defendant Rosinsky has not been paid, and he claims he is now entitled to $600, the value of the register.

Plaintiff thereupon moved for judgment for want of a sufficient affidavit of defense and counterclaim, setting forth its right to judgment unless the counterclaim is sufficient. It also filed a motion to strike off the counterclaim for the following reasons: That there was no copy of the warrant of distraint or statement of the goods and chattels levied upon set forth in the counterclaim; that the defendants did not aver what goods the lessee removed or attempted to remove from the premises; that the defendants did not aver that the sale was conducted on August 1, 1935, the disposition of the goods remaining upon the premises,

or the hour of distraint; that the verification to the counterclaim was made upon information and belief. Upon both motions rules were issued, which the court below made absolute after argument. A reargument was granted, whereupon the court below revoked its former orders and discharged the rules. Plaintiff appealed.

Appellees' affidavit of defense and counterclaim were filed under Rule 68 of the Court of Common Pleas of Philadelphia County, which reads as follows: "In all actions of replevin, in which the defendant does not claim ownership of the property replevied, but claims a lien upon the property or a right therein under distraint for rent, the defendant shall assert such claim in his affidavit of defense, in like manner and form as is required for counterclaims in actions of assumpsit under the Practice Act; and thereafter the same practice and procedure shall be had as in such actions, and judgment may be entered against the plaintiff for want of a reply or for an insufficient reply, as the case may require." This rule has been held valid. *Katz v. Wagoner et al.*, 92 Pa. Superior Ct. 363. "The counterclaim and the reply thereto, as provided for by the Act of 1915 (May 14, P. L. 483), must be treated as are the statement and affidavit of defense filed thereunder. If the plaintiff believed the counterclaim (in effect defendant's statement) did not conform to the provisions of the Practice Act, a motion to strike it off was proper (*Rhodes v. Terheyden*, 272 Pa. 397 [116 A. 364]), in which case relief might be granted if the application was made within fifteen days (Act May 23, 1923, P. L. 325), but this procedure applies only where objection is made on the ground that some rule of pleading has been violated: *Cameron v. Fishman*, 291 Pa. 12 [139 A. 383]. If the complaint is based on the fact that the averments are not sufficiently definite, a rule should be entered asking that they be

made more specific: *King v. Brillhart,* 271 Pa. 301 [114 A. 515]; *Rhodes v. Terheyden,* supra. Where, however, the defect alleged is the failure to assert a cause of action in the counterclaim, as here, then the reply should raise the question of law, as is done by affidavit of defense, under section 20, when the statement of plaintiff is complained of on like ground, and an appropriate judgment may then be entered, thus relieving the parties from the necessity of presenting evidence at trial, in so far as the demand of defendant, held to be legally unsustainable, is concerned": *Riling v. Idell et al.,* 291 Pa. 472, at pages 475, 476, 140 A. 270, at pages 271, 272.

A motion to strike off is a method of attacking pleadings defective in form only. An affidavit of defense raising questions of law and a reply raising questions of law apply to matters of substance.

Judgment on a rule for judgment for want of sufficient affidavit of defense is, in effect, a judgment on demurrer, and must be self-sustaining on the face of the record. *Fritz v. Hathaway,* 135 Pa. 274, 19 A. 1011; *Parry v. First National Bank of Lansford,* 270 Pa. 556, 559, 113 A. 847, 848. When a counterclaim is set up it is to be regarded as a plaintiff's statement, and must have the definiteness and particularity of a statement; and averments which may be sufficient to prevent a summary judgment are not necessarily sufficient to support a summary judgment for want of a plaintiff's reply or for want of a sufficient plaintiff's reply. *Gehret v. Mitten Bank Securities Corporation,* 120 Pa. Superior Ct. 198, 205, 182 A. 125, 128.

A rule for judgment for want of a sufficient affidavit of defense should now be supplemented by a reply to the counterclaim raising questions of law, but both may be argued at the same time. See *Star Show Case Mfg. Co., Inc., v. Friedman et al.,* 120 Pa. Superior Ct. 109, 181 A. 861. A summary judgment will be

entered then only if it is clear that the appellant is entitled to the judgment asked for. *Johnson, to use, v. Huhn et al.,* 284 Pa. 144, 130 A. 398; *Colonial Securities Co. v. Levy et al.,* 301 Pa. 229, 151 A. 811.

It is improper to enter a final judgment on a statutory demurrer if the defect existing in the pleading can be cured by amendment. *Stevens v. Doylestown Building and Loan Ass'n,* 321 Pa. 173, 183 A. 922; *Winters v. Pennsylvania Railroad Co.,* 304 Pa. 243, 155 A. 486; *Greene County v. Center Township,* 305 Pa. 79, 157 A. 777. "Under present day practice and procedure we will not foreclose a cause of action for defects resting more on form than want of substance": *Stevens v. Smith,* 310 Pa. 287, at page 288, 165 A. 237, at page 238. See, also, *Vierling v. Baxter et al.,* 293 Pa. 52, 56, 141 A. 728, 729. The Practice Act of 1915, as amended provides for the verification of pleadings thereunder.

There is no authority for a rule for judgment for want of a sufficient counterclaim. Sufficiency in substance of a counterclaim is questioned by a reply raising questions of law, and that question cannot be raised by a motion to strike off the counterclaim. *Knapp Brothers Mfg. Co. v. Robinson Electrical Co., Inc.,* 103 Pa. Superior Ct. 463, 157 A. 11.

Applying such established standards to the pleadings in this case, appellant was not entitled to have judgment entered in its favor for want of a sufficient affidavit of defense and counterclaim, and the court below properly refused to enter a summary judgment for appellant. The rule for judgment for want of a sufficient affidavit of defense and counterclaim and the rule to strike off the counterclaim were apparently considered by the court below as questioning the substantive sufficiency of the affidavit of defense and counterclaim. The question involved, as stated by appellant, is whether the rule for judgment for want of a sufficient affidavit

of defense and counterclaim should not have been made absolute by the court below.

Appellees contend that appellant's declaration is defective in that the affidavit thereto violates a rule of court. The affidavit, although it concluded with a flat averment as to truth, did not state that the affiant had exclusive knowledge of the facts to which he swore, as required by the rule of court, or give any other extenuating reason for such execution. After the filing of an affidavit of defense such a defect in appellant's declaration was waived, although substantive defects therein were not. Where a statement or declaration sets out a good cause of action, formal objections thereto will not prevail on a rule for judgment for insufficiency of the affidavit of defense. *Irwin et al. v. Weikel,* 282 Pa. 259, 262, 127 A. 612, 614.

Appellant has likewise questioned appellee's affidavit subjoined to the affidavit of defense and counterclaim. It is apparent that this is defective in that it states the facts set forth in the affidavit of defense and counterclaim "are true and correct to the best of his knowledge, information and belief." It fails to set forth expectation to prove those facts on the trial of the case. Such a defect could be remedied by amendment, the counterclaim being sufficient in substance to prevent judgment (cf. *Frankel v. Donehoo et al.,* 306 Pa. 52, 57, 158 A. 570, 572), and summary judgment will not be entered for defects in pleadings which may be cured by amendment without giving leave to amend (*Geiger et ux. v. United States Fidelity & Guaranty Co.,* 121 Pa. Superior Ct. 554, 184 A. 464).

The power to enter summary judgment is intended only for clear cases, and any doubt should be resolved against the entry of such judgment. *Kaster v. Pennsylvania Fuel Supply Co.,* 300 Pa. 52, 150 A. 153; *Rudman et ux. v. City of Scranton et al.,* 114 Pa. Superior Ct. 148, 155, 173 A. 892, 895; *Gehret v. Mitten Bank*

*Securities Corporation,* supra, 120 Pa. Superior Ct. 198, 206, 182 A. 125, 129; *Reinhardt, Ex'r, v. 60th Street & Washington Ave. B. & L. Ass'n,* 120 Pa. Superior Ct. 539, 545, 182 A. 750, 752; *Davis et al. v. Investment Land Co.,* 296 Pa. 449, 453, 146 A. 119, 120. "Any other conclusion would be a reversion to the practice,—common in ancient days, but happily not now,—of making the rights of litigants depend on the skill of the pleader, rather than on the justice of their claims": *Rhodes v. Terheyden et al.,* 272 Pa. 397, at page 402, 116 A. 364, at page 366.

The counterclaim adequately avers such essential facts as a lease, defaults, amount of rentals due and owing, distraint for the unpaid rent on the goods replevied by appellant. It is argued by appellant that the counterclaim fails to set forth such necessary averments as a legal seizure, notice, appraisal, constable's sale, or other lawful disposition of other goods of the tenant which were distrained, and a copy of landlord's warrant. We have frequently held that, where goods have been distrained and then replevied before sale, it is not necessary to aver an appraisement or the giving of notice of the distress. *Sadler et al. v. Marcoff,* 119 Pa. Superior Ct. 66, 180 A. 132; *Greenberg v. Goldman Stores Corporation,* 117 Pa. Superior Ct. 559, 178 A. 528; *Industrial Loan Society, Inc., v. Reed et al.,* 117 Pa. Superior Ct. 562, 178 A. 529; *Potts Department Store v. Lutz and Sweigart,* 98 Pa. Superior Ct. 545. In the instant case a sale of the distrained goods claimed by appellant is not involved, and the issue is between the landlord, the appellee, and the bailment lessor, the appellant. If appellant's cash register was on the premises, in the absence of any contract with the landlord to the contrary, it was liable for distraint for rent due by the tenant, and it would not alter the matter that the tenant had goods on the premises sufficient to satisfy the landlord's demand. *Smoyer v.*

*Roth,* 10 Sadler 32; *Karns et al. v. McKinney,* 74 Pa. 387; *Jimison v. Reifsneider,* 97 Pa. 136. Whether the seizure averred in the counterclaim is sufficient is a matter of proof. A very slight act is sufficient to constitute a seizure in contemplation of law; it need not even be an actual seizure of the goods. *Furbush et al. v. Chappell et al.,* 105 Pa. 187; *Derbyshire Brothers v. McManamy et al.,* 101 Pa. Superior Ct. 514. The form of the warrant is not important, as it may be given by parol. *Furbush et al. v. Chappell et al.,* supra; *May, Stern & Co. v. Lintner,* 67 Pa. Superior Ct. 422, 425; *Derbyshire Brothers v. McManamy et al.,* supra; *Sadler et al. v. Marcoff,* supra, 119 Pa. Superior Ct. 66, 70, 180 A. 132, 133.

The affidavit of defense does not deny appellant's title, nor does it set forth a claim of ownership to the goods replevied; but the counterclaim does set forth sufficient facts to justify their seizure under a distress for unpaid rent. Matters of proof need not be pleaded. See *Brumbaugh v. Feldman,* 47 Pa. Superior Ct. 10; *Mladjen v. Karfunkle et al.,* 100 Pa. Superior Ct. 192.

Appellant may question the landlord's right to distrain at all by claiming that there was no rent due; but where, as here, appellant contends that there is an inconsistency in the amount of the lien claimed by the landlord, it is not a fatal defect and furnishes no basis for a summary judgment. A defective averment of damages is capable of correction by amendment. *Leonard Seed Company v. Lustig Burgerhoff Company,* 85 Pa. Superior Ct. 381.

Orders of the court below are affirmed.