Line-O-Scribe v. Economy Food Mart

*Hyman Goldstein,* for plaintiff.
*Davies & Harrigan,* for defendant.

REESE, P. J., March 5, 1943.—On October 6, 1941, judgment was entered by a justice of the peace in an action of assumpsit against the above-named defendant and in favor of a plaintiff designated as "Line-O-Scribe". Thereafter defendant filed an appeal from the judgment in this court on November 13, 1941, and on the same date gave proper notice of the appeal to plaintiff's attorney. On January 13, 1942, a statement of claim was filed, plaintiff being designated as "Line-O-Scribe, Division of Globe Corporation". No affidavit of defense has ever been filed, but on May 6, 1942, defendant filed a petition for the present rule to strike off the statement of claim and for judgment of non pros. Two grounds for this relief are set forth in the petition: (1) That it does not appear of record that "Line-O-Scribe, Division of Globe Corporation", which filed the statement of claim, is identical with "Line-O-Scribe", the plaintiff for whom judgment was rendered by the justice; (2) that the statement of claim was not filed within the time fixed by our Rule of Court 30.

Rule 30 provides that on an appeal from a justice of the peace the appellant shall, within 10 days, give written notice to the opposite party of the filing of the appeal, and file proof of service. It is further provided that, within 15 days after the service of notice, plaintiff shall file a statement of claim and serve a copy thereof upon defendant. Rule 31 provides that, upon the failure of plaintiff to file his statement of claim within the time fixed by Rule 30, judgment of non pros shall be entered upon a præcipe filed by defendant's attorney.

Defendant herein cannot take advantage of Rule 31. To take advantage of the rule, the application for judg-

ment of non pros must be made after the expiration of the 15-day period, but before a statement of claim is actually filed. If, as here, the statement is filed after the expiration òf the 15-day period, plaintiff is not then in default and defendant cannot thereafter proceed to judgment of non pros on the theory that plaintiff is in default under the rule.

We have similarly construed our Rule 1, which provides that if a statement of claim is not filed within one year after the return day in any action brought in this court a non pros will be entered upon the præcipe of defendant's attorney. In construing that rule, we said in Sheaffer et ux. v. Turrill, 31 D. & C. 463, 467:

"Under such a rule of court, defendant had the right to proceed to judgment of non pros at the expiration of one year. But since the right was not exercised, there was in effect a waiver of the requirement of the rule and acquiescence in the delay, and defendant cannot move for judgment of non pros after a statement has been filed: Somerset County v. Upper Turkeyfoot Twp., 29 D. & C. 717; Lessy v. The Great Atlantic & Pacific Tea Co., 13 D. & C. 400. To take advantage of the rule of court, the motion for judgment of non pros must be made after the expiration of the year but before the statement of claim is filed. It follows that the foregoing rule of court does not, under the circumstances, require a judgment of non pros."

The same result was reached in Laddi v. Grazianna, 40 D. & C. 575. In that case a rule of court required an appellant from the judgment of a magistrate to serve written notice of the appeal within 15 days after the filing of the appeal, and provided that, in default of such notice, the prothonotary should, on præcipe, dismiss the appeal. When defendant gave notice of the appeal the 15-day period had expired but plaintiff had issued no præcipe for dismissal of the appeal. The court held that the appeal would not be dismissed, even though the notice was not served within the required

time, inasmuch as plaintiff had not taken advantage of the rule before the actual serving of the notice.

The same result has been reached under the Practice Act of May 14, 1915, P. L. 483. Section 12 requires a defendant to file an affidavit of defense within 15 days after the service of the statement of claim. If an affidavit of defense is not filed within 15 days, judgment may be entered for want of an affidavit of defense in an action of assumpsit. It was held in Fuel City Mfg. Co. v. Waynesburg Products Corp., 268 Pa. 441, that where a defendant files an affidavit of defense after the 15-day period has expired but before the plaintiff takes advantage of the default by entry of judgment for want of an affidavit of defense plaintiff cannot thereafter claim judgment by default. In other words, plaintiff may move for judgment for want of an affidavit of defense after the expiration of the 15-day period but before an affidavit of defense is actually filed.

Defendant, however, contends that the statement of claim filed herein must be stricken off, and if it is stricken off defendant would then be entitled to judgment of non pros. As we have already indicated, the statement of claim cannot be stricken off because it was filed too late under our Rule 30. Defendant contends that the statement should be stricken off because it does not appear that "Line-O-Scribe, Division of Globe Corporation", the plaintiff which filed the statement, is the same as "Line-O-Scribe", the plaintiff in the judgment from which the appeal was taken. There are several reasons why we cannot strike off the statement. In the first place, a motion to strike off a pleading must be filed within 15 days after the filing and service of the pleading: section 21 of the Practice Act of 1915, as amended by the Act of May 23, 1923, P. L. 325. It was held in Cameron v. Fishman, 291 Pa. 12, that section 21 is mandatory, and that the court has no power to extend the time for filing the motion to strike off. In other words, a motion to strike off cannot be enter-

tained unless it is filed within the time fixed by section 21.

In the second place, it does now appear of record that "Line-O-Scribe" and "Line-O-Scribe, Division of Globe Corporation", are one and the same. An averment to that effect is made in the answer to the petition for the rule herein. The matter now before us was placed on the argument list by defendant upon the petition and answer, and hence, under Pa. R. C. P. 209, the averments of fact in the answer must be taken as admitted.

In the third place, a motion to strike off is the proper procedure only where objection is made on the ground that some rule of pleading has been violated. It is a method of attacking pleadings defective in form only. If the objection is to a matter of substance, it should be raised by an affidavit of defense raising questions of law: National Cash Register Co. v. Ansell et al., 125 Pa. Superior Ct. 309, 313, 314. It is to be observed that defendant seeks to have the statement stricken off because of a misnomer or defect in the designation of plaintiff. In 2 Standard Pa. Practice 300, it is said:

"Various defects as to parties are usually merely grounds of abatement of an action, which formerly were taken advantage of by a plea in abatement or, if the defect appeared on the face of the pleadings, by demurrer, and which now, under the Practice Act of 1915 . . . are to be asserted by the affidavit of defense. This is true, also, of a misnomer of a party."

In Uneek Utilities Corp., to use, v. Good, 41 Lanc. 32, suit was brought before a magistrate by a plaintiff under one designation and on appeal a statement was filed in the name of a plaintiff under another designation, and defendant moved to strike off the statement of claim on the ground that there was an uncertainty as to what company sold goods to defendant. The court held that the question involved objections to the substance and not to the form of the statement and, therefore, should have been raised by an affidavit of defense.

It is also to be noted that in the Act of May 4, 1852, P. L. 574, 12 PS §533, the court has power at any stage of a proceeding to permit amendments by changing or adding the name or names of any party plaintiff or defendant whenever it shall appear that a mistake or omission has been made in the name or names of any such party.

And now, March 5, 1943, the rule to strike off the statement of claim and for judgment of non pros is hereby discharged, and the defendant is allowed 15 days within which to file an affidavit of defense.