## Furbush et al. *versus* Chappell et al.

1. As a general rule, to render a distress complete, there must be a seizure of the property distrained upon. But this need not be an actual seizure of the particular goods. It is sufficient if the landlord gives notice of his claim for rent, and declares the goods which he names shall not be removed from the premises until the rent is paid.

2. Fixtures which the tenant has no right to remove from the freehold are not distrainable; but those slightly attached thereto, and which may be removed by a tenant at his pleasure during his term, without destroying their character or injuring them, may be distrained.

3. A spinning mule fastened to the floor of a mill with wooden screws, so as to run, belongs to the latter class of fixtures, and is distrainable.

January 28th, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.

ERROR to the Court of Common Pleas No 4, of *Philadelphia county:* Of July Term, 1883, No. 221.

This was an action of replevin by Morrill A. Furbush and Charles A. Furbush, trading as M. A. Furbush & Son, against Chappell and Taylor, trading as Chappell & Taylor, and Ellicott Fisher, to recover a spinning mule claimed by Fisher under a distress for rent.

On the trial, before ELCOCK, J., the following facts appeared: The mule originally belonged to Chappell & Taylor, and had been placed by them in a mill which they rented from Ellicott Fisher. It was about ninety feet long, occupied eleven feet space in width, and had from four hundred to six hundred spindles. It was fastened to the floor by means of screws, and was part of the machinery of the mill. M. A. Furbush & Son, who had originally built the mule for a price which was never paid them, had received from Chappell and Taylor a bill of sale of it, and had sent their workmen to the mill to remove it. Before the workmen had

detached it from the building, Ellicott Fisher, the landlord, came to the mill and threatened to arrest the workmen, giving as a reason that Chappell & Taylor owed him some rent. According to plaintiffs' witness, Fisher did not state the amount of rent. According to Fisher's testimony, he said there was five months' rent due, but it does not appear from either testimony that he stated the amount of money due. In consequence of Fisher's threats, Furbush's men desisted from the attempt to take the machine, and the parties left the mill. According to Fisher's testimony, Taylor, one of the tenants, then locked up the mill and gave the key to Fisher, who said that he had possession, and that the machine could not go until the rent was paid. Furbush & Son thereupon sued out this writ of replevin. Fisher afterwards went to the mill with a constable, but found that the sheriff had seized the machine under the writ of replevin.

The Court instructed the jury to find a verdict for the defendants, and to assess the damages at $417.50, which was the amount of rent in arrear. A motion for a new trial was overruled by the Court, and judgment entered on the said verdict, whereupon the plaintiffs took this writ, assigning for error the action of the Court in instructing the jury to find for the defendants.

*Frank P. Prichard* and *John G. Johnson* for plaintiffs in error.—The landlord did not distrain. In order to do so he must, in the language of the avowry, have seized the machine "as and for and in the name of a distress for the said rent." He should have shown (1.) An actual manual seizure or such an unequivocal declaration of seizure in the presence of the machine and of the parties as would in law be equivalent thereto; and (2.) That he made this seizure "as and for and and in the name of a distress for rent," specifying the amount of rent due, so that the owner of the chattel could tender the rent, or if the distress was excessive have his remedy under the act of Assembly.

The cases cited do not support the view taken by the Court below. In Wood *v.* Nunn, 5 Bing., 10, there was an actual manual seizure, and in that case, as well as in Cramer *v.* Mott L. R., 5 Q. B., 357, the question of fact, whether there was a distress, was submitted to a jury. But, in any event, the machine was not distrainable, because it was a fixture, and fixtures of every kind are exempt from distress, even those which are removable by a tenant, or can be seized under a fi. fa. Amos & Ferard on Fixtures, 256; Gibbons on Fixtures, *54; Note to Simpson *v.* Hartopp, 1 S. L. C., *533; Ewell on Fixtures, 360; Jackson & Gross on L. & T., 105,

[Furbush *v.* Chappell.]

Pitt *v.* Shew, 4 B. & Ald., 206; Clarke *v.* Holford, 2 Car. & K., 540; Dalton *v.* Whittem, 3 Q. B., 961; Moore *v.* Drinkwater, 1 Fost. & F., 134; Darby *v.* Harris, 1 Q. B., 895. Against this weight of authority there is but one case, Hellawell *v.* Eastwood, 6. Exch., 295. This case has been, practically, overruled in England by Holland *v.* Hodgson, L. R., 7 C. P., 328, and it was never accepted in this country, especially in Pennsylvania. Voorhis *v.* Freeman, 2 W. & S., 116; Pyle *v.* Pennock, 2 W. & S., 390; Harlan *v.* Harlan, 8 Harris, 303; Christian *v.* Dripps, 4 Casey, 271; Morris's Appeal, 7 Norris, 368. As to the position taken by the Court below, that replevin cannot be maintained for a fixture. As a general proposition this is true, for the reason that the title to real estate cannot be tried in a personal action, but *cessante ratione cessat lex*, and where the fixture is one which the plaintiff has a right to remove and he claims it as a chattel, by virtue of that right of removal, and not by reason of any claim of ownership to the realty, replevin will lie. Thus replevin will lie for a trade fixture before the expiration of the tenant's term. Wells on Replevin, p. 45, § 67; Heaton *v.* Findlay, 2 Jones, 304; Hey *v.* Bruner, 11 P. F. S., 87; and see Dalton *v.* Whittem, 3 Q. B., 961.

*Charles L. Lockwood* and *Joseph A. Sinn* for the defendants in error.—No actual, manual seizure is necessary to constitute a distress. Cramer *v.* Mott, L. R., 5 Q. B., 357; Wood *v.* Nunn, 5 Bing., 10. In order to render the distress complete, there must be a seizure of the property distrained upon; but a very slight act amounts, in contemplation of law, to such seizure. Smith's Landlord and Tenant, *166, 224; Taylor's L. and T., § 578; Wood's L. and T., 942; Woodfall's L. and T., 420; Buller on Distress, 131; Hutchins *v.* Scott, 2 M. & W., 809; Swann *v.* Falmouth, 8 B. & C., 456; Thomas *v.* Harries, 1 M. & G., 695. Only two reasons have ever been assigned for the privilege of fixtures from distress: First, that things annexed to the freehold become part of it; and, second, that nothing can be taken as a pledge for rent which cannot be severed and restored without detriment to the pledge, which fixtures cannot. Gilbert on Distresses, 39. All the text writers referred to by the plaintiffs in error refer to fixtures which are " part of the freehold or thing demised"; and the same is true of the cases cited. The case of Hellawell *v.* Eastwood, *supra*, is exactly like the one at bar, and is still law in England, having been approved and followed in later cases. Mather *v.* Frazer, 2 Kay & Johns., 536; Queen *v.* Lee L. R., 1 Q. B., 244; Waterfall *v.* Peniston, 6 Ell. & Black., 876; Turner *v.* Cameron, L. R., 5 Q. B., 309; Longbottom *v.*

[Knerr *v.* Bradley.]

Berry L. R., 5 Q. B., 123.    Holland *v.* Hodgson, *supra*, relied on by plaintiffs in error, as overruling Hellawell *v.* Eastwood, simply criticised the dicta of Baron Parke, and not his decision.    In Pennsylvania, as between landlord and tenant, a chattel annexed for trade purposes is not a part of the freehold, but mere personal property.    Lemar *v.* Miles, 4 Watts, 330;  Heffner *v.* Lewis, 23 P. F. S., 302;  White's Appeal, 10 Barr, 252;  Shell *v.* Haywood, 4 Harris, 523;  Hill *v.* Sewald, 3 P. F. S., 271;  Seeger *v.* Pettitt, 27 P. F. S., 437.

The opinion of the Court was delivered February 11, 1884.

PER CURIAM.    A landlord may verbally distrain for the non-payment of rent, and he may, by parol, authorize a bailiff to distrain.    As a general rule, to render the distress complete, there must be a seizure of the property distrained upon; but a very slight act is sufficient to constitute a seizure in contemplation of law.    It need not be an actual seizure of the particular goods.    If the landlord gives notice of his claim for rent, and declares the goods which he names shall not be removed from the premises until the rent is paid, it is a sufficient seizure.

Fixtures which the tenant has no right to remove from the freehold are not distrainable; but fixtures slightly attached, which the tenant may remove at his pleasure during the term, and which may be removed without destroying their character or injuring them, may be distrained.    They can be restored in the same plight.    This spinning mule was such an article. It was subject to sale on a fi. fa. as personalty, and was a chattel subject to distress.

Judgment affirmed.