# Dawson *v.* Vrostyak, Appellant.

*Judgment—Opening judgments—Evidence—Forgery.*

Where the defendant in a confessed judgment, testifies that his signature is a forgery, and there is opposing testimony, there is no inflexible rule which impels the court to open a judgment. Even in such a case the judge should exercise a sound discretion, after a careful consideration of the character of the testimony. The application to open a judgment is addressed to the equitable powers of the court and it is a mistake to suppose that it cannot judge of the weight of the evidence and the credibility of the witnesses, or that in every instance it must send the case to the jury.

*Grantor—Grantee—Covenants—Default of grantee.*

The clause of forfeiture or termination in a contract, upon the failure of the purchaser to meet its terms, is presumed to be for the benefit of the grantor and, as against him, no default of the grantee can release the latter from his covenant to pay. The right to forfeit, upon the failure of the grantee to comply with his contract, is given to the grantor to be exercised upon his election, and when he elects to enforce the contract the grantee is without just grounds for complaint.

*Legal holidays—Fourth of July—Contracts.*

The legal holidays created by the Act of June 23, 1897, P. L. 188, and February 16, 1911, P. L. 3, are permissive only and the operating force of the statutes is limited to transactions regarding payments, protests, etc., of commercial paper. They do not apply to ordinary contracts.

Argued April 18, 1918. Appeal, No. 30, April T., 1918, by defendant, from judgment of C. P. Westmoreland Co., August T., 1916, No. 562, discharging rule to open judgment in the case of George W. Dawson v. Frank Vrostyak. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Rule to open judgment. Before COPELAND, P. J. of O. C., specially presiding.

344, (1919).] Statement of Facts—Opinion of the Court.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule to open judgment.

*Error assigned* was the order of the court.

*Vernon Hazzard,* and with him *Lewis C. Walkinshaw,* for appellant.—The appellant's allegations were sufficient to warrant the opening of the judgment and the submission of the disputed questions to a jury: Cloud v. Markle, 186 Pa. 614; Nelson v. Wilcox, 18 Dist. R. 269; Schomaker v. Dean, 201 Pa. 439; White v. White, 247 Pa. 107; Jenkintown Bank's App., 124 Pa. 337; Stepp v. Frampton, 179 Pa. 289; Hutton v. Altland, 250 Pa. 113; Boyd v. Kirch, 234 Pa. 432; Levy v. Gilligan, 244 Pa. 272.

The contract was made on a legal holiday and, therefore, void: Williams v. Transit Co., 257 Pa. 354.

*C. E. Whitten,* of *Gaither & Whitten,* and with him *D. M. McCloskey,* for appellee.—The application to open a judgment is addressed to the sound discretion of the court and his decision should be upheld, in the absence of manifest error: Colquhoun v. General F. Mfg. Co., 62 Pa. Superior Ct. 85; Reynolds v. Boland, 202 Pa. 642; Koch v. Biesecker et al., 7 Pa. Superior Ct. 37; Bittenbender v. Biesecker et al., 7 Pa. Superior Ct. 41; Lenare's App., 126 Pa. 400; Range Exor. v. Culbertson, 168 Pa. 324; Scranton v. Scranton Coal Co., 256 Pa. 322; Anthracite Lumber Co. v. Lucas, 249 Pa. 517; Warner v. Hare, 154 Pa. 548; Parish v. Feltz, 215 Pa. 654; McGraw v. Hilton, 221 Pa. 568; McMichan's Est., 220 Pa. 187; Leonard's Est., 226 Pa. 277.

OPINION BY PORTER, J., April 21, 1919:

This is an appeal from refusal of the court below to open a judgment entered by confession upon a warrant contained in a judgment note. The defendant presented

his petition to the court below alleging three grounds upon which the judgment ought to be opened. (1) That he had never signed the note and that his signature thereto was a forgery. (2) That any negotiations between the plaintiff and the defendant were carried on on the 4th of July, 1916, and resulted in the purchase of certain real estate by the defendant from the plaintiff upon written agreement; the purchase-price of said property was $1,000, of which amount the defendant paid to the plaintiff $50 and it was agreed that they would on the next day go to the bank and arrange for the payment of the balance of $950 out of a savings fund which the defendant had on deposit; that they went to the bank on July 5, 1916, and the defendant there signed a notice of withdrawal of the amount required out of his savings account and arranged for the payment thereof to the plaintiff upon the expiration of the period required by the rules of the bank for notice of withdrawal; and that the defendant, on July 7, 1916, alleging that, under the provisions of the written agreement, he had the right to cancel the contract and forfeit the $50 which he had already paid, withdrew from the bank and destroyed the notice of withdrawal of his savings account and the authority to pay the sum to the plaintiff and notified the plaintiff of his election to cancel the contract and forfeit his $50. And (3) that the plaintiff had never tendered or delivered to the defendant a deed for the said property or demand that the defendant execute a note for the balance, as provided in said agreement. There was attached to the petition a copy of the written agreement for the sale of the real estate referred to. The court granted a rule to show cause why the judgment should not be opened, and the plaintiff filed an answer averring that the judgment note had been signed and delivered by the defendant, that under the covenants of the written agreement for the sale of the real estate the defendant did not have the right to cancel that agreement and escape liability

by forfeiting the $50 which he had paid in cash. And that the plaintiff had tendered a deed to the defendant. The court, in pursuance of an agreement of the parties, appointed a commissioner to take testimony and report the facts with an opinion. The parties produced such testimony as they saw fit before the commissioner who filed a report finding that the defendant had signed the note in question; that under the covenants of the written agreement the defendant did not have the right to cancel the contract and avoid further liability by the forfeiture of the $50 which he had paid, and that the plaintiff had not only tendered but actually delivered to the defendant a deed for the real estate. The appellant filed exceptions to the report of the commissioner and the court, after having examined the testimony, discharged the rule to open the judgment. We have this appeal from that decree.

It had been argued here that because the contract was made on the 4th of July, a legal holiday, it is void, and in support of that contention are cited the cases which deal with the contracts made on Sunday. Contracts executed on Sunday are void for the reason that the statute positively forbids business of that character upon that day. The legal holidays created by the Act of June 23, 1897, P. L. 188, and February 16, 1911, P. L. 3, are permissive only and the operative force of the statutes is limited to transactions regarding payments, protests, etc., of commercial paper: Robeson v. Pels, 202 Pa. 399. The covenant of the written agreement for the sale of the real estate upon which the defendant asserts a right to cancel the contract, forfeiting the amount which he has paid, is in the following words: "If default of payment is made of any one or more of said installments of the principal or interest for thirty days after the same shall fall due, the first parties, at their election, without waiving other remedies, may declare, consider and hold as forfeited the second party's estate, right and title in the property, and so

much of the purchase money as the second party may have paid, etc." This did not give to this defendant the right to strike down his contract by a deliberate failure to comply with its covenants. The right to forfeit, upon failure of the defendant to comply with his contract, was given to the plaintiff, to be exercised upon his election; when he elects to enforce the contract the defendant is without just grounds to complain: Cape May Real Estate Co. v. Henderson, 42 Pa. Superior Ct. 1. The finding of the court below that the plaintiff had not only tendered but delivered a deed to the defendant was fully sustained by the evidence, but it is proper here to suggest that the article of agreement did not require the plaintiff to deliver a deed until the whole of the purchase money for the property had been paid, and, as the defendant is now attempting to escape payment of the balance of the purchase money, it would have been improper to open the judgment upon the ground that the plaintiff had not tendered a deed.

There remains to be considered the question whether the court below abused its discretion in refusing to open the judgment because of the allegation of the appellant that his signature thereto was forged. The defendant testified positively that he had not signed this note. He called several witnesses who testified that they did not see him sign it. Not one of those witnesses was asked whether he was familiar with the signature of the defendant, nor was the signature submitted to them for inspection. These witnesses whose testimony it is argued is corroborative of that of the defendant had gone with the plaintiff and the defendant to look over the plan which included the lots with regard to which the plaintiff and defendant were negotiating. No one of them pretended to say that he was giving close attention to the negotiations between plaintiff and defendant, nor that the defendant might not have signed the note without his seeing it; all that any one of them said was that they did not see the defendant sign a

paper which looked like the note in question. The testimony upon the other side was clear and convincing; the plaintiff and a subscribing witness testified positively that the defendant signed the note and that its contents were explained to him before his signing. The cashier of the bank with which the defendant did business and who was familiar with his signature testified that the signature upon the note was that of the defendant. The cashier produced the card upon which the defendant had written his signature for the use of the officers of the bank, and that card was submitted to the commissioner, who under the agreement of the parties was to find the facts, and it was entirely proper for him to compare this admittedly genuine signature with the signature upon the note in question. The written agreement for the sale of the real estate provided that the $1,000 of purchase money should be paid $50 in cash, the receipt of which was acknowledged, "balance paid by note." The defendant did not deny the genuineness of his signature to this agreement, which distinctly stated that the balance had been paid by note. If it be asserted that this statement of the agreement ought to be construed as meaning that the balance was to be paid by note; then we have the express covenant of this defendant to give his note for $950. The agreement is silent as to how long a time the note to be given was to run, and it is reasonable to infer that the parties must have then agreed as to the terms of the note. Is it not probable that the note would then be executed and delivered, without leaving its terms to be the subject of further negotiations?

When the defendant testifies that his signature is a forgery, and there is opposing testimony, there is no inflexible rule which impels the court to open the judgment. Even in such a case the judge should exercise a sound discretion, after a careful consideration of the character of the testimony. The application to open a judgment entered on a warrant of attorney on a judg-

ment note is addressed to the equitable powers of the court, and it is a mistake to suppose that the court cannot judge of the weight of the evidence and the credibility of the witnesses but in every case where there is a conflict of testimony, must send the case to a jury: Shannon v. Castner, 21 Pa. Superior Ct. 294; Augustine v. Wolf, 215 Pa. 558. Applying these well settled principles to the case at bar we cannot convict the court below of an abuse of discretion in refusing to open the judgment.

The order is affirmed and the appeal dismissed at cost of the appellant.