## Baker, Appellant, *v.* Spector et al.

*Landlord and tenant—Landlord's warrant—Rent—Act of March 21, 1772, 1 Smith's laws 370—Legal Holidays—Acts of June 23, 1897, P. L. 188, and February 16, 1911, P. L. 3.*

The legal holidays created by the Act of June 23, 1897, P. L. 188, and February 16, 1911, P. L. 3, are permissive only and the operative force of the statutes is limited to transactions regarding payments, protests, &c., of commercial paper.

Rent, which was due and unpaid on January 1st, is in arrears on January 2nd, and a landlord's warrant issued on the latter date for the recovery of the rent is not premature.

Argued October 27, 1926. Appeal No. 178, October T., 1926, by plaintiff from judgment of C. P. No. 1, Philadelphia County, March T., 1924, No. 7398, in the case of Sara Baker v. Harry Spector, owner, Samuel C. Cohen, Agent, Edward E. Abrams, Constable. Before PORTER, P. J. HENDERSON, TREXLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Trespass to recover damages for unlawful seizure of goods under a landlord's warrant. Before BARTLETT, J.

The facts are stated in the opinion of the Superior Court.

The court directed a verdict in favor of the defendants.  Plaintiff appealed.

*Error assigned* was the directed verdict.

*Simon Garlic* for appellant.

*Thomas C. Egan,* and with him *Wolf, Block, Schorr & Solis-Cohen* for appellees.

OPINION BY TREXLER, J., March 3, 1927:

Spector, through his agent, leased certain premises to Swinton.  The rent due January 1, 1924, was not paid.  On January 2, 1924, a landlord warrant was issued and the goods of Sara Baker were seized and removed.  She then brought this action in trespass. The basis of her claim is that as January 1st was a holiday, the tenant was not required to pay the rent on that day but had the whole of January 2nd in which to pay it.  As the rent was not due, the landlord had no right to distrain and was a trespasser ab initio. She avers that the remedy provided by an action of replevin under the Act of March 21, 1772, 1 Sm. L. 370, Sec. 1, does not apply where no rent was due. This is the sum and substance of her contention. Counsel frankly admits "if rent was due at the time of the levy, then we must agree that the trial judge was clearly right and the plaintiff's only remedy was by a writ of replevin."

January 1st, as well as all other designated holidays are only such in relation to the presentation and payment of instruments such as bills, checks, notes, etc. The Act of February 16, 1911, P. L. 3, Sec. 4, provides "That all the days and half days herein designated as legal holidays shall be regarded as secular or busi-

ness days, for all other purposes than those mentioned in this act." "The legal holidays created by the Act of June 23, 1897, P. L. 188, and February 16, 1911, P. L. 3, are permissive only and the operative force of the statutes is limited to transactions regarding payments, protests, etc., of commercial paper: Robeson v. Pels, 202 Pa. 399." Dawson v. Vrostyak, 71 Pa. Superior Ct., 344, 347.

The rent, therefore, became due on January 1st and was payable on said date. On January 2nd, the time when this seizure was made the rent was in arrears. The learned trial judge, therefore, was right in holding that the plaintiff's remedy for any wrong which she may have suffered was by replevin under the Act of 1772, supra.

The judgment is affirmed.