Potts Department Store *v.* Lutz and Sweigart,
Appellant.

546

Argued November 13, 1929.

Before Porter, P. J., Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Guy K. Bard,* and with him *Amos E. Burkholder,* for appellant, cited: May, Stern & Co. v. Lintner, 67 Pa. Superior Ct. 422; Myers v. Esery, 134 Pa. 177.

*Chas. W. Eaby,* and with him *Jos. T. Evans,* for appellee, cited: Ramsdell v. Seybert, 27 Pa. Superior Ct. 133; Snyder v. Boring, 4 Pa. Superior Ct. 196.

Opinion by Gawthrop, J., February 28, 1930:

This is an action of replevin to recover certain personal property which plaintiff had leased to Robert Lutz, a tenant on the property of Martin G. Weit. At the trial plaintiff proved its ownership of the property, the leasing thereof to Lutz and the default of the latter in the payment of rentals due under the several leases and its right to recover possession of the property as

against Lutz. In defense the landlord Weit testified that he owned the premises upon which Lutz lived as a tenant, and issued a landlord's warrant for rent in arrear, amounting to $100. W. J. Sweigart, a constable, testified that he "issued a landlord's warrant" for Weit, and on March 5, 1928, made a levy on all the goods on the premises occupied by Lutz; that plaintiff replevied the greater part of the goods levied upon; and that the proceeds of the sale of the remainder was insufficient to pay the costs of the proceeding. The docket entries show that the writ of replevin issued March 15, 1928, and that on the same day the sheriff replevied the property which is the subject of this action and served the writ on the defendant, Sweigart, named as bailiff. Defendants filed no counter-bond and plaintiff obtained possession of the goods. The trial judge directed the jury to render a verdict for plaintiff and reserved defendant's point for binding instructions. Subsequently he overruled defendant's motions for a new trial and for judgment n. o. v. The defendant, Sweigart, has appealed.

The court below recognized the familiar rule that all goods upon leased premises, except those exempted by statute, are, for the purpose of distraint, to be considered as the tenant's goods, although they may belong to others, (See May, Stern & Co. v. Lintner, 67 Pa. Superior Ct. 422), and held that the goods of which the tenant Lutz had possession under the leases with plaintiff were subject to levy by the landlord Weit for rent in arrear, "provided the proceedings under the warrant and levy were regular;" that there was no evidence in the case that any verbal or written notice of the seizure, or the cause thereof, or the amount of rent in arrear, was given either to the tenant or the owner of the goods involved in this suit, or that the owner had any knowledge of the landlord's warrant; and that the constable and the landlord failed to comply with the Act of March 21, 1772, Section 1, 1 Sm. 370, 2

Purdon's Digest, 2177, which provides that if the tenant or the owner of the goods distrained shall not, within five days next after such distress and notice thereof, with the cause of such taking, left at the mansion house or other notorious place on the premises charged with the rent distrained for, replevy the same, then after such distress and notice as aforesaid and at the expiration of the said five days the person distraining shall and may proceed to have the goods so distrained appraised and sold. The learned judge applied to the case the rule announced in Esterly Machine Co. v. Spencer, 147 Pa. 466, and Snyder Bros. v. Boring, 4 Pa. Superior Ct. 196, and Manegold v. Quinn, 45 Pa. Superior Ct. 482, and kindred cases, that the code of procedure provided by the Act of 1772, supra, must be followed by the landlord in order to bring the articles distrained to sale; that the direction of the statute must be followed or its protection will be lost; that if the seizure is irregular it is a trespass; and that if the seizure is regular, but the subsequent steps are not in accordance with the statute, the landlord becomes a trespasser ab initio by his departure from the directions of the law under which he must justify. It was held in Snyder Bros. v. Boring, supra, that among the conditions precedent to a lawful sale of goods distrained is a notice in writing informing the tenant or owner what are the goods taken and the amount of rent in arrear. But neither this requirement of the statute nor its other provisions in respect to the procedure subsequent to the seizure are involved in the case before us, because the distraint proceeding, so far as it affected the goods of plaintiff, was ended by the seizure of these goods under the writ of replevin. It is apparent to us that by failing to recognize that fact the learned court below inadvertently fell into error in holding that the landlord was guilty of a sin of omission against the Act of 1772, in failing to comply with its provisions as to the notice to be

given after the distraint. It was decided nearly a century ago in McKinney v. Reader, 6 W. 34, 40, that the omission of a landlord, upon his making a distress for rent to give notice to the tenant of the distress and the cause of it, if the goods distrained were replevied before sale, does not make him a trespasser ab initio. The notice is only necessary to warrant a sale of the goods distrained.

This case turns upon the regularity of the seizure. There are a number of cases in Pennsylvania that hold that a bailiff may distrain under a mere parol authority. See May, Stern & Co. v. Luntner, supra; Pickering Co. v. Lichtenstein, 64 Pa. Superior Ct. 78; Pickering Co. v. Lutz, 67 Pa. Supreior Ct. 479; and Franciscus v. Reigart, 4 W. 98. In Furbush v. Chappell, 105 Pa. 187, 190, an action of replevin to recover property claimed by defendants under a distress for rent, our Supreme Court said: "A landlord may verbally distrain for non-payment of rent, and he may, by parol, authorize a bailiff to distrain. As a general rule, to render a distress complete there must be a seizure of the property distrained upon; but a very slight act is sufficient to institute a seizure in contemplation of law, it need not be an actual seizure of the particular goods. If the landlord gives notice of his claim for rent and declares the goods which he names shall not be removed from the premises until the rent is paid, it is a sufficient seizure." We think that the seizure was regular and valid. As there was no dispute as to the amount of rent in arrear, defendant's point for binding instructions should have been affirmed and the jury should have been instructed to find a verdict for defendant, and to assess the damages for the amount of rent in arrear.

The judgment is reversed and a new trial is awarded.