Strawbridge & Clothier v. Stiffler et al., Appellant.

Argued October 2, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and WHITMORE, JJ.

*Matthew L. Barrett, Jr.*, and with him *Robert W. Archbald, Jr.*, for appellant.

*Ernest N. Votaw*, and with him *Conard & Middleton*, for appellee.

OPINION BY LINN, J., December 12, 1930:

This appeal is by defendant-landlord in replevin for a piano claimed by him as seized for rent in arrear, and taken from him by the sheriff in virtue of his

writ, and delivered to the plaintiff. The case was tried by a judge without a jury; being of opinion that the landlord's "entry was wrongful" and, the distraint therefore illegal, he gave judgment for plaintiff. Appellee's brief agrees that the only question is the validity of the distraint.

Appellant had rented the third floor and two attic rooms of 916 Walnut Street, Philadelphia, to a tenant, who vacated the premises during the term, removing all property except a piano and piano stool. The piano and stool were owned by plaintiff who had let them to the tenant; plaintiff gave no notice exempting the piano from distress for rent pursuant to the Act of May 13, 1876, P. L. 171. The tenant defaulted on the bailment. The plaintiff sent its draymen to take back its property for the default; defendant declined to permit its removal, asserting a claim to hold it for the rent due by his tenant; this replevin followed immediately. The demised premises were locked by the tenant when he moved out. Defendant entered by a pass-key when he seized the piano. The court below thought that entry was wrongful under Ewald v. Fidelity Title & Tr. Co., 43 Pa. Superior Ct. 593, in which it was held that the landlord might not lawfully distrain by obtaining entrance to the tenant's premises by picking a lock. That principle would apply if appellant's tenant had remained in possession, but the undisputed evidence is that the tenant vacated the premises and carried away his property. When the landlord entered, the tenant was not in possession as he was in Ewald's case. "It has uniformly been held that where a tenant, during the term, abandons the demised premises, the landlord is not bound, under the penalty of loss of his right to receive rent, to permit the tenement to remain wholly unoccupied with the consequent possible or probable loss of his insurance, destruction by waste, or other like injuries. The mere

fact that he resumes possession is not of itself a sufficient foundation upon which to predicate either an acceptance of a surrender or an eviction. It must further be found on evidence that such resumption of possession is not merely for the protection of the property during the absence of the tenant, but is adverse to a re-occupation of it by him and a renewal of the relations created by the lease. So too, if during the period of abandonment the landlord should make some repairs of the demised premises, or even sublet to another, these acts would be in the interest of the tenant who had committed a breach of the covenants of his lease, and would tend to minimize the damages which he would otherwise be liable to pay. This is the doctrine of all the cases......'': Hochman v. Kuebler, 53 Pa. Superior Ct. 481, 485. The tenant's abandonment of the premises justified the landlord's entry, which, in the circumstances, is also in the tenant's interest, for he is entitled to credit for any rent collected by the landlord from another tenant during the former tenant's term.

Appellee, who had no title to or right of possession in the leased premises, has no standing to complain that a landlord forced his way into his own property without a breach of the peace; there is no claim that the piano and stool were damaged by the character of the entry; the tenant is not objecting. Nor can it be said, since the tenant vacated and never returned during the balance of the term, that there was prima facie a violation of criminal code making forcible entry a misdemeanor.

We are required to reverse the judgment appealed from, and to remit the record with instructions to enter judgment for the defendant for the value of the piano and stool, which we understand by the record to be $477 (with interest) that sum appearing by the record to be less than the rent in arrear.