## Prettyman v. Alden Park Manor, Inc., et al.

*Lester S. Hecht,* for plaintiff; *Ormond Rambo,* for defendants.

FERGUSON, P. J., Dec. 3, 1930.—This is an action of replevin. Plaintiff's statement of claim alleges that he is the owner of certain furniture and household goods and an automobile; that they belong to him and defendants have no title thereto. The statement then proceeds to say that on Aug. 3, 1929, plaintiff leased an apartment from the defendant, the Alden Park Manor, with garage space, and that on June 9, 1930, the Alden Park Manor, by its servants or employees, chained the wheel of his automobile and prevented him from removing it from the garage space. As a consequence, plaintiff refused to pay any monthly rental, and alleges that he has sustained damage in the sum of $450 by reason of his having to employ taxicabs and to incur other expenses in the transaction of his business.

The affidavit of defense declares that on Aug. 3, 1929, plaintiff leased an apartment with garage space at a rental of $140 per month, and on July 3, 1930, defendant distrained on said goods now claimed by plaintiff for six months' rent in arrears, or a total of $840. The affidavit admits that on June 1, 1930, when there was $700 rent due, defendant notified plaintiff that a distraint would be made on plaintiff's property unless the rent was paid, and the automobile was detained by reason of the failure to pay the rent. Defendants, therefore, set up a counter-claim in the sum of $840, being the amount of rent due at the time of the distress.

Plaintiff's reply to the counter-claim admits that plaintiff did not pay the rent alleged to be unpaid, but avers that the president and secretary of the Alden Park Manor were, and are, respectively, president and secretary of the Philadelphia Founders Corporation, engaged in the investment business, and that said president and secretary, on or about Jan. 15, 1930, engaged the services of plaintiff for the purpose of selling securities, and that the secretary of defendant corporation orally agreed that in return for his services to the Philadelphia Founders Corporation the defendant herein would waive payment of his rent. It is further averred that the secretary in making this arrangement was acting within the scope of his authority.

A rule for judgment has been taken by defendant, and we think the rule should be made absolute. Notwithstanding the fact that our rules of court provide that procedure in replevin shall conform, as far as possible, to the provisions of the Practice Act of May 14, 1915, P. L. 483, we must not lose sight of the fact that this action is for the purpose of testing the right to possession of certain personal property. When, therefore, plaintiff in his statement sets up an unliquidated claim for damages, he sets up a claim which can not be considered in this form of action.

Plaintiff admitting that the rent was unpaid, there remains to be considered his defense to the claim. In substance, it is that the rent was remitted by defendant corporation, acting through its secretary, because of certain services rendered to another corporation. We think the defense cannot be admitted. To say that a secretary of a corporation in remitting or waiving a valid claim of the corporation is acting within the scope of his authority is not enough. One dealing with an officer of a corporation cannot rely upon a contract made by such officer unless it be shown that by resolution of the board of directors of that corporation, or its by-laws, he was authorized to bind it. Our attention has been called to no decision under which a corporation is held bound by a contract made by a subordinate officer under circumstances such as appear here. It may be true that if services are rendered to the corporation itself, and it receives the benefit of those services, the corporation would be estopped to deny the authority of its officer, but in this case the

services plaintiff rendered were not rendered to defendant, but were rendered to a wholly independent corporation.

There remains to be considered the suggestion that the chaining of the automobile in a part of the demised premises amounted to an eviction. We do not so regard it. At the time the automobile was chained the plaintiff owed $700 in rent and was notified that he would not be permitted to remove the automobile until that rent was paid. In the meantime another month's rent accrued. The action of the landlord in this matter was in effect a distraint for rent. "As a general rule, to render the distress complete, there must be a seizure of the property distrained upon; but a very slight act is sufficient to constitute a seizure in contemplation of law. It need not be an actual seizure of the particular goods. If the landlord gives notice of his claim for rent and declares the goods which he names shall not be removed from the premises until the rent is paid, it is a sufficient seizure:" Furbush *v.* Chappell, 105 Pa. 187.

Judgment must be entered for the defendant, and the value of the goods fixed at $840, with interest from the dates the rent fell due. Counsel to file an assessment of damages.