Gross *v.* Karp et al.

Argued October 7, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*A. J. Nydick,* and with him *Matthew K. Stevens,* for appellant.

*Benjamin Sork* of *Blumberg & Sork,* for appellee.

OPINION BY LINN, J., December 11, 1931:

A landlord appeals from judgment for plaintiff in an action of replevin tried without a jury. Plaintiff averred that he owned certain personal property leased to one Karp, and that he was entitled to recover it. He received the goods from the sheriff. The sheriff's return to the writ is not printed, but it appears by the history of the case, that the sheriff added the name of one, Kopp, as a party defendant (section 2, Replevin Act, April 19, 1901, P. L. 88); he is described as a constable, said to have made a distress with or in behalf of the landlord for rent in arrear.

In his affidavit of defense, defendant averred that he owned the premises, leased them to Karp, December, 1927, for a term of 3 years for $275 per month; that on September 24, 1929, prior to the replevin suit, with an arrearage of rent of $225, he had distrained on the goods on the premises for the rent due.

At the trial plaintiff offered in evidence the statement of claim and rested, none of its averments being denied in the affidavit of defense. Defendant proved the lease and testified to the rent arrearage, and that he caused a levy to be made on September 24th. At this point in the trial the court made three erroneous rulings excluding evidence; they were duly excepted to and are assigned for error. The action of the court in excluding the evidence cannot be sustained in any view of the circumstances. The defendant testified that he accompanied his constable into the premises

to be able to prove "that the constable made the levy" and that he saw him do it, and what he did; he testified that he, himself, made a list of the property levied on but was not permitted, when asked, to say what the property was; we must assume for the present, that it was the property involved in this suit. Another witness called by defendant testified that he was present when the defendant and his bailiff entered the place, and heard the tenant ask them what they wanted, but the court excluded the conversation between the tenant on one side, and the landlord and his bailiff who, making the distress, stated their purpose in being there. All that evidence was admissible to show whether there was a distraint or not. What is necessary to constitute distraint for rent in arrear has been considered so fully by this court recently that we need not repeat it now: see Derbyshire Brothers v. McManamy, 101 Pa. Superior Ct. 514; Strawbridge & Clothier v. Stiffler, 100 Pa. Superior Ct. 285; Potts Department Store v. Lutz and Sweigart, 98 Pa. Superior Ct. 545.

Judgment reversed and a new trial ordered.