## Lit Brothers v. Dixon et ux.

*W. E. Bushong*, for plaintiff; *Truman D. Wade*, for defendant.

HAUSE, P. J., September 25, 1933.—A judgment was recovered against the defendants before a justice of the peace on August 24, 1933. On August 29th an appeal was taken which was not filed in the prothonotary's office until September 5th, 1 day after the first day of the regular term of court following the date when the appeal was taken.

The plaintiff moves to strike off the appeal on the ground that it was not filed in time. Defendants insist that inasmuch as the first day of the regular term of court following the appeal fell on Labor Day, a legal holiday, they had the following day on which to enter the appeal.

The Act of June 23, 1897, P. L. 188, and the amendment of February 16, 1911, P. L. 3, designating legal holidays, expressly provide that nothing in the act shall be construed to apply to "legal process" and the act is limited in its operation to banking transactions: Dawson v. Vrostyak, 71 Pa. Superior Ct. 344; Baker v. Spector et al., 90 Pa. Superior Ct. 163.

Nothing in the act authorizes the extension of the time when any certain legal proceeding shall be taken due to holidays. It was incumbent, therefore, on these defendants to have their appeal filed not later than September 4, 1933, and, not having been then filed, the appeal is a nullity. The Act of March 20, 1810, 5 Sm. L. 161, § 4, providing when appeals shall be filed, does not prescribe any period within which they must be filed but only that they shall be filed "on or before the first day of the next term", and the Act of June 20, 1883, P. L. 136, has no application.

The plaintiff's rule is made absolute and the appeal is striken off.

From Truman D. Wade, West Chester, Penna.