## Mountcastle v. Schumann

*David R. Levin,* for plaintiff.

*Theodore M. Tracy,* for defendant.

MCKENNA, J., December 14, 1965.—Plaintiffs have moved for judgment n. o. v., or for a new trial following a verdict against them at the hearing.

The suit was instituted on March 23, 1960, to recover damages for a wrongful distraint made by defendants on June 4, 1959.

At the time of the events herein referred to, the Mountcastles resided at 7177 Ohio River Boulevard, Ben Avon Borough, Allegheny County, under a lease from defendants. The lease commenced August 1, 1954. It called for rental of $80 per month.

The Mountcastles paid rent in cash or by check through December, 1958. In January of 1957, Mr. Mountcastle asked Mr. Schumann to have certain repairs made to the premises. There were several apartments in the building, a former single family residence which had been remodeled. According to the Mountcastles, the inside and the outside of the structure required repairs in order to make the leased premises habitable. There is in the record conflicting testimony as to the condition of the premises. The requested repairs were not made by the landlords. Accordingly, Mr. Mountcastle proceeded to do the work himself. It was chiefly painting and plastering. This was done in the early part of 1959 at a cost of $493. The tenants assert that because of these expenditures, they do not owe the rent for the period from January of 1959

through June of that year, in the total amount of $480. The Mountcastles did not vacate the apartment until August of 1960. Apparently, they paid rent from June of 1959 until that time.

On June 4, 1959, defendant engaged Andrew Rodney, a constable, to distrain on plaintiffs' personal property on the ground that the latter had refused to pay their rent and were in arrears. Constable Rodney went to the premises and notified Mr. Mountcastle that the furniture and fixtures in his apartment had been levied on. He did not, however, actually see or touch the goods. No inventory was made. After this incident, the Mountcastles instituted a replevin action and posted a bond, which permitted them to retain possession of the goods during the litigation. The replevin case was tried in the County Court of Allegheny County at no. 966 of 1959. That court granted judgment for the Mountcastles, on the ground that the distress proceedings were not proper. The basis for the decision was that the constable had not actually "seized" or taken possession of the goods. This judgment was appealed to the Superior Court of Pennsylvania, which affirmed the decision of the County Court. See Mountcastle v. Schumann, 205 Pa. Superior Ct. 21 (1964).

The case at bar, as noted above, was instituted by plaintiffs to recover damages caused them by the wrongful levy. As items of loss, the Mountcastles ask for premiums on the bond they secured in order to retain possession of their property, loss of time and earnings occasioned by the suit in County Court and for other items. They also ask for punitive damages.

The suit is based on The Landlord and Tenant Act of April 6, 1951, P. L. 69, sec. 312, 68 PS §250.312, which provides in part as follows:

"The landlord and his agent shall be liable to the tenant or the owner of the personal property distrained

on in an action of trespass, (1) If the distress is for more rent than is due, (2) or if the amount of personal property distrained is unreasonably great, (3) or if made after a proper tender of the rent due was rejected, (4) or if the distress is conducted irregularly or oppressively. . . ."

The court, in its charge, told the jury that under the evidence in the case, plaintiffs could recover if the distress was instituted for more rent than was due, or if it was conducted irregularly or oppressively. The court eliminated from the jury's consideration the question of whether the amount of property distrained on was unreasonably great or if the proceeding was instituted after a tender was made.

Following the unfavorable result, plaintiffs now argue that they were entitled to a directed verdict in their favor at least for nominal damages, as a matter of law, and that certain errors in the court's charge to the jury require the granting of a new trial. These issues will be discussed separately.

## I. The Motion for Judgment n. o. v.

Plaintiffs argue that the proceedings in county court, which resulted in a judgment in their favor, prove conclusively that they are entitled to judgment in the case at bar. The Superior Court affirmed the county court in the replevin case, and the Supreme Court of Pennsylvania refused to grant allocatur.

We do not agree with plaintiff's position. The issue turns on a construction of The Landlord and Tenant Act of 1951, supra. The act reads, in part:

"The landlord . . . shall be liable to the tenant . . . in an action of trespass, (1) If the distress is for more rent than is due . . . (4) or if the distress is conducted irregularly or oppressively . . ."

We may, very briefly, dispose of the question as to whether or not the distress was made for more rent

than was due. The Mountcastles moved into the premises on August 1, 1954. The rent was $80 per month. The Mountcastles paid this amount through December, 1958. They paid no rent in cash thereafter, for the reason that in their judgment, they did not owe it. The Schumanns distrained for rent from December of 1958 through June 1959. Later, they discovered that through error, the payment of the December, 1958 rent had not been credited to the tenants. Accordingly, they voluntarily reduced their claim from $560 to $480. The difference between the two sums is relatively small. The jury was justified in finding that this innocent error did not warrant an award of damages to the tenant on the ground that the claim for rent was excessive.

The real issue in the case is whether or not plaintiffs are entitled to a verdict as a matter of law on the ground that the distress proceedings were conducted "irregularly" or "oppressively". The Landlord and Tenant Act provides that if this is the case, ". . . the landlord . . . shall be liable to the tenant . . . in an action of trespass. . . ." Does this mean that in such an action the tenant is entitled to a directed verdict, where in a replevin action in another court, it is determined that the distraint proceedings were not proper? We think not. It is a basic principle of law that in a trespass case, the jury determines the facts and returns the verdict. The act states that the tenant may have his action, but not that he must win it. In the replevin suit between these parties, it was determined that the distress proceedings were not well founded because the constable, acting for the landlord, had not actually seized the goods. This does not mean that the proceedings were "irregular" or "oppressive", as those terms are used in the statute. The act could only mean that the landlord would be responsible for damages in a trespass suit if a jury found that his actions in the

distress proceedings were "irregular" or "oppressive" in the sense that they were instituted for the purpose of harassing the tenant or for some other improper motive. In the case at bar, the jury was justified under the evidence in concluding that the distraint was brought by the landlord on an apparently valid claim for rent, and that the tenant was not entitled to damages, even though the distraint failed.

If, as a matter of law, plaintiffs were entitled to nominal damages, they would still not be entitled to a new trial. In Bisk Candy Co. v. Stout, 289 Pa. 369 (1927), plaintiff sought to recover damages for an alleged illegal distraint. There was a verdict for defendant. In addition to the rent claimed, the landlord had made the levy for the sum of $1,000, which was a penalty provided for in the lease. The lower court, in its charge to the jury, instructed that body that the landlord had no right to issue the warrant for the $1,000. Nevertheless, the jury found for defendant. The Supreme Court affirmed. Mr. Chief Justice Moschzisker, for the court, said, page 377:

"On this state of the record, it is clear that, had the issue as to the excessive amount claimed by the landlord been submitted to the jury and found in plaintiff's favor, the latter could have received no award other than for nominal damages, and in cases where nominal damages alone can be recovered, we will not order a new trial. . . ."

In the case at bar, the jury found that plaintiffs are not entitled to substantial damages. They have no right to a new trial to recover nominal damages.

## II. THE MOTION FOR A NEW TRIAL

Plaintiffs claim that the court should have submitted to the jury the question as to whether or not the amount of personal property distrained on was "unusually great". We find no error in the court's action in re-

fusing to submit the issue to the jury. The testimony concerning the identity of the goods was vague, as was evidence of its value. The constable who made the levy, Mr. Rodney, testified that he had in his writ described the goods distrained on as follows: "beds, dressers, stoves, refrigerators, chairs". The printed form he used contains the additional words: "all other goods found on the premises". He said that this is the standard description he uses in a levy. In view of the dearth of testimony concerning the property or its value, the court was required by law to remove this issue from the jury's consideration.

Plaintiffs complain that the court told the jury that there was a single issue in the case, namely: "Were plaintiffs entitled to damages?" Plaintiffs say there are several issues; to wit, was the distraint made for more rent than was due, were the distress proceedings irregular or oppressive, and another, which we have ruled out, was the value of the property distrained on unusually great? The court did submit to the jury the questions as to whether or not the levy was made for more rent than was due, and if it was irregular or oppressive. The court also submitted to the jury the question as to whether or not plaintiffs were entitled to punitive damages. This is consistent with the statement that there was a single issue in the case, namely, were plaintiffs entitled to recover? They could have recovered on any one of a number of grounds. Perhaps it would have been advisable to submit special questions to the jury, but these were never considered at the trial. The verdict indicates that all questions would have been answered favorably to defendants so that no harm resulted in this case from the failure to secure a special verdict.

Plaintiffs complain of this statement in the court's charge: "First of all, the tenant has to pay his rent".

Plaintiffs say that this is not an absolute rule under

any and all circumstances. This is true, but the court stated it only as a general rule, and later qualified it. Reading the charge as a whole, we find it was fair to both parties and free from any errors which require a second hearing.

The motion for a new trial and the motion for judgment n. o. v. must be dismissed.

### ORDER OF COURT

Now, December 14, 1965, on consideration of the motion for judgment n. o. v. and the motion for a new trial made herein and arguments made, it is ordered and decreed as follows:

The motion for judgment n. o. v. is denied, and the motion for a new trial is denied. Judgment to be entered upon payment of the verdict fee. Eo die, exceptions noted and bill sealed.