Susan **GROSS**, on behalf of herself and all others similarly situated

v.

**J. Wilson FOX**, Deputy Constable et al.

Civ. A. No. 70–3303.

United States District Court,
E. D. Pennsylvania.

Oct. 24, 1972.

Sharon K. Wallis, Stephen A. Sheller, Astor & Weiss, Philadelphia, Pa., for plaintiff.

Turrey A. Kepler, John F. Naulty, Philadelphia, Pa., for defendant Fox.

Milton S. Lazaroff, Philadelphia, Pa., for defendants Clarke, Freedman & Devon-Strafford Co.

Before VAN DUSEN, Circuit Judge, LORD, Chief District Judge, and FULLAM, District Judge.

## MEMORANDUM SUR MOTION TO VACATE OPINION AND GRANT REHEARING

JOSEPH S. LORD, III, Chief District Judge.

This case involves a challenge to the constitutionality of Sections 302 et seq. of the Pennsylvania Landlord and Tenant Act, 68 P.S. § 250.302 et seq. These provisions of state law provide a procedure known as "distraint" or "distress for rent" whereby a landlord or his duly authorized agent is allowed to take possession or control of property (with certain exceptions) found upon leased premises to recover rent past due, without the requirement of a prior judicial determination of the validity of the landlord's claim for rent. This civil action is authorized by 42 U.S.C. § 1983, and this court has jurisdiction pursuant to 28 U.S.C. § 1343(3), 2201, 2281.

Count I of plaintiff's complaint seeks a declaratory judgment of the unconstitutionality of 68 P.S. § 250.302 et seq. and a permanent injunction restraining

the defendants from executing distraints under color of these statutes. Pennsylvania law requires that an entry into the leasehold be made to effectuate a valid distraint on the goods. Mountcastle v. Schumann, 205 Pa.Super. 21, 205 A.2d 642 (1964). The entry into a tenant's premises and seizure of goods are alleged to violate the Fourth Amendment's prohibition against unreasonable searches and seizures. The procedures authorized under the statute are also alleged to violate the due process clause of the Fourteenth Amendment because of the lack of any notice, hearing or opportunity to present a defense before a seizure of the tenant's goods.

Our opinion on June 30, 1972 held that if 68 P.S. § 250.302 et seq., particularly 68 P.S. § 250.302, should be construed to authorize the acts of defendant Fox in entering plaintiff's premises without her knowing and understanding consent, then they would be unconstitutional as applied because they would be in violation of the Fourth Amendment.

The defendants have moved to vacate the opinion and grant rehearing, their argument being that Count I of the complaint addressed itself only to the question of whether the state distraint laws were unconstitutional on their face or not.

Plaintiff has also requested reconsideration. Plaintiff points out that the court only ruled on her Fourth Amendment claim and that it made no determination of the merits of her claim that the distraint provisions are unconstitutional on their face because they violate the fundamental requirements of due process by permitting a taking of property without notice and an opportunity to be heard before the taking.

Upon consideration of defendants' argument that Count I is directed solely to the question of the facial validity of the pertinent statutes, and plaintiff's contention that we did not fully consider her claims of facial unconstitutionality, we now vacate our opinion of June 30, 1972.

Further reflection has led us to the conclusion that the distraint procedures embodied in 68 P.S. § 250.302 et seq. are facially unconstitutional in light of the Fourteenth Amendment's due process clause.

Under 68 P.S. § 250.309, the tenant's property which is distrained on by the landlord can eventually be sold to recover rent "reserved and due." This court, in Santiago v. McElroy, 319 F. Supp. 284 (E.D.Pa.1970), held that this sale provision violated the due process clause of the United States Constitution because there was no provision for a hearing before the tenant's property was sold. We declined to rule, however, on whether the distraint and steps taken before sale authorized under the state law violated the Fourteenth Amendment rights of tenants because the plaintiffs in that case did not show they had been harmed in any manner by these procedures. In the instant case, however, there are no standing problems as it has been stipulated that there was an entry into plaintiff's apartment without her knowledge by defendant landlord's agent, defendant Fox, who removed certain of plaintiff's belongings from the apartment, and left a notice of distraint on the outside of her door.

68 P.S. § 250.302 provides that "[p]ersonal property located upon premises occupied by a tenant shall, unless exempted by * * * this act, be subject to distress for any rent reserved and due. * * *" Rent is "reserved and due", and thus the landlord may distrain, as soon as the tenant is one day late on a rent payment. Baker v. Spector, 90 Pa.Super. 163 (1927). Even if the landlord has customarily accepted rent payments at some time after the due date in the lease, and has never made demand for timely payment, he may make distraint if he does not receive the rent on the date due as designated in the lease. Bisk Candy Co. v. Stout, 289 Pa. 369, 137 A. 612 (1927). All goods found on the tenant's premises, including those belonging to third parties having no connection whatsoever with the lease,

are subject to distraint, unless exempt by statute.[1] Firestone T. & R. Co. v. Dutton, 205 Pa.Super. 4, 205 A.2d 656 (1964); Derbyshire Bros. v. McManamy, 101 Pa.Super. 514 (1931); Potts Dept. Store v. Lutz & Sweigart, 98 Pa.Super. 545 (1930).

In order to effectuate a valid distraint the landlord or his agent must actually enter the leased premises and "seize" the tenant's goods. Mountcastle v. Schumann, *supra*. The landlord need not actually remove the goods, but may impound them or perform some other act sufficient to indicate a seizure of or control over the tenant's goods. Mountcastle, *supra;* Murphy v. Marshell, 179 Pa. 516, 36 A. 294 (1897); Furbush v. Chappell, 105 Pa. 187 (1884); Seyfert v. Bean, 83 Pa. 450 (1877) (dictum).

Thus, while the goods are under distraint, the tenant may or may not have them available for use on the leased premises, depending on the manner of "seizure" the landlord chose to employ in effectuating his distraint. The distrained goods may not be removed from the premises[2] so that the tenant is deprived of any opportunity to dispose of his goods as he sees fit.

"Property is more than the mere thing which a person owns. It is elementary that it includes the right to acquire, use, and dispose of it. The Constitution protects these essential attributes of property. * * * [Citations omitted] Property consists of the free use, enjoyment, and disposal of a person's acquisitions without control or diminution save by the law of the land." Buchanan v. Warley, 245 U.S. 60, 74, 38 S.Ct. 16, 18, 62 L.Ed. 149 (1917).[3]

In Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969), the Court had to evaluate the constitutionality of a Wisconsin pre-judgment garnishment statute which permitted a plaintiff to freeze a portion of a wage earner's salary pending the outcome on the merits of the underlying action on the debt. If the underlying claim against the alleged debtor proved to be invalid, the wage earner would of course then be given all the wages which had been frozen. The Court held that this temporary restriction on the use of the money earned by the alleged debtor was in violation of the fundamental principles of due process since there was no provision for notice and prior hearing before the wage freeze took effect. "The 'property' of which petitioner has been deprived is the *use* of the garnished portion of her wages during the interim period between the garnishment and the culmination of the main suit." 395 U.S. at 342, 89 S.Ct. at 1823 (Harlan, J. concurring).

" * * * [I]t is now well settled that a temporary, nonfinal deprivation of property is nonetheless a 'deprivation' in the terms of the Fourteenth Amendment." Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 1996, 32 L.Ed.2d 556, 572 (1972). "The Fourteenth Amendment draws no bright lines around three-day, 10-day or 50-day deprivations of property." Fuentes, 407 U.S. at 86, 92 S.Ct. at 1997, 32 L.Ed.2d at 573.

In Fuentes, provisions of the Florida and Pennsylvania replevin statutes were declared unconstitutional by the Court. These provisions permitted a person who asserted that another was wrongfully detaining his goods to gain immediate

1. 68 P.S. § 250.401 and § 250.402 provide for certain exemptions from distraint for the tenant's personal property. Exemptions pertaining to the personal property of third persons are provided in 68 P.S. § 250.403 and § 250.404.

2. If the goods are unlawfully removed, the landlord may initiate a trespass action and recover treble damages plus the costs of suit against the offender or the owner if the goods have come into his use or possession. 68 P.S. § 250.311.

3. The Fourteenth Amendment "has been read broadly to extend protection to 'any significant property interest'." Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556, 573 (1972).

possession of the goods through a writ of replevin if he posted a bond in double the value of the property. The sheriff would execute the writ when the bond was posted, with no opportunity for prior hearing or notice to the other party from whom the goods are taken. The taking could be fleeting since the defendant in the replevin action could reclaim possession of the property by posting his own counterbond in double the property's value within three days after the seizure. He would also regain possession of the property, without posting bond, if, of course, he ultimately prevailed at a hearing on the merits of the conflicting claims to possession of the replevied property.

The Court once again held that procedural due process requires that there must be a hearing before there is a taking of any significant property interest from a person on the application of another, declaring the replevin provisions unconstitutional. See Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971); Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970); Coe v. Armour Fertilizer, 237 U.S. 413, 35 S.Ct. 625, 59 L.Ed. 1027 (1915).

> "If the right to notice and a hearing is to serve its full purpose, then, it is clear that it must be granted at a time when the deprivation can still be prevented. At a later hearing, an individual's possessions can be returned to him if it [sic] was unfairly or mistakenly taken in the first place. Damages may even be awarded to him for the wrongful deprivation. But no later hearing and no damage award can undo the fact that the arbitrary taking that was subject to the right of procedural due process has already occurred." Fuentes, 407 U.S. at 81, 92 S.Ct. at 1994, 32 L.Ed.2d at 570–571.

Pennsylvania law permits a landlord acting on his unilateral claim that rent is owing to levy on property found on a tenant's premises. This distraint may deny the tenant the use of the property (see p. 1165, *supra*) and will inevitably deny him the right to dispose freely of his property. Not only is there no provision for prior notice and hearing before this taking of the tenant's "property", but the landlord is only required to give notice to the tenant within five days following the distraint. 68 P.S. § 250.302. To regain full possession and control over his property, the tenant must initiate an action in replevin and prevail on the merits.[4] Pa.Rule Civ. Proc. 1073(b), 12 P.S. Appendix. If the distraint is improper for any reason, the tenant may also institute a trespass action against the landlord for damages. 68 P.S. § 250.312; Brunswick Corp. v. Key Enterprises, Inc., 431 Pa. 15, 244 A.2d 658 (1968); Givens v. W. J. Gilmore Drug Co., 337 Pa. 278, 10 A.2d 12 (1940).

> " * * * [T]he landlord is permitted to retain this remnant of feudal authority, and thus he is made the judge in his own cause upon the terms of conducting himself with perfect uprightness, and with a careful regard to the rights of the tenant."

McElroy v. Dice, 17 Pa. 163, 168 (1852).

Modern notions of due process leave no room for landlords to be judges in their own causes. Damage actions for trespass by the tenant after the fact do not provide a consitutional substitute for prior notice and hearing.

This is not one of those truly unusual situations where outright seizure without opportunity for a prior hearing is constitutionally justifiable. E. g., North American Cold Storage Co. v. Chicago, 211 U.S. 306, 29 S.Ct. 101, 53 L.Ed. 195 (1908). " * * * [S]tate intervention in a private dispute hardly compares to state action furthering a war effort or protecting the public health." Fuentes, 407 U.S. at 93, 92 S.Ct. at 2000, 32 L.Ed.2d at 577. There is noth-

---

4. Since *Fuentes*, the tenant cannot even regain possession of his property by posting a replevin bond.

ing "which indicates that the distress procedure is a response to an extraordinary situation requiring special protection to a state or creditor interest." Santiago, *supra*, 319 F.Supp. at 294–295.

We now hold that Sections 302 et seq. of the Pennsylvania Landlord and Tenant Act, 68 P.S. § 250.302 et seq., are unconstitutional on their face because they permit a landlord to levy on the property on a tenant's premises without prior notice or hearing in violation of the Fourteenth Amendment's due process clause.

The stipulation of facts agreed to by the parties on January 19, 1972 specifically provides that it is limited to issues arising under Count I (see document 27). Under these circumstances, since the defendants agreed to the stipulation without any notice that counsel fees might be awarded based on such stipulation, we are now convinced that counsel fees should not be awarded.